UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUMBLE, INC.,

    Plaintiffs,

v.   Case No. 8:23-CV-02718-CEH

NANDINI JAMMI, CLAIRE ATKIN,
AND JOHN DOE NOS. 1-10,

    Defendants.
_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 3/12/2024. John M. Browning and Sarah M. Papadelias attended the conference on behalf of Defendants Nandini Jammi and Claire Atkin ("Defendants"). Elizabeth M. Locke, Jered T. Ede and Kathryn Humphrey attended the conference on behalf of Rumble, Inc. ("Plaintiff").

2. **Deadlines and Dates**

   Defendants currently intend to file a motion to dismiss Plaintiff's libel complaint for lack of personal jurisdiction and failure to state a claim because (*inter alia*) Plaintiff has failed to adequately plead the necessary elements of (i) a false statement of actionable fact (as opposed to non-actionable opinion), (ii) implied defamation or defamation per se (iii) special damages or (iv) actual malice. Plaintiff intends to oppose this motion.

Defendants' motion to dismiss is currently due to be filed on April 5, 2024. The parties filed a joint motion on February 2, 2024 seeking an extension of Defendants' deadline to file their motion to dismiss up to and including April 5, 2024, along with a corresponding extension of Plaintiff's time to oppose the motion to dismiss up to May 31, 2024. Dkt. 19. The parties respectfully request a scheduling order granting this stipulated extension and setting the requested deadlines set forth below.[*]

In addition, Defendants intend to file a motion to stay discovery simultaneously with their motion to dismiss. In the interim, and for the sake of judicial efficiency, Defendants agree to follow the deadlines set forth in the table below unless and until the Court grants their motion for a stay of discovery. Plaintiff intends to oppose Defendants' motion seeking a stay of discovery.

Accordingly, the parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for Defendants to file a motion to dismiss the Complaint. | 4/5/2024 |
| Deadline for Defendants to file a motion seeking a stay of discovery. | 4/5/2024 |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 4/12/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a).[†] | 7/1/2024 |
| Deadline for Plaintiff to file opposition to Defendants' motion to dismiss the Complaint | 5/31/2024 |
| Deadline for completing fact discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 12/13/2024 |

---

[*] Defendants reserve the right to seek leave to file a reply brief in further support of their motion.

[†] Plaintiff reserves the right to seek leave to amend under Fed. R. Civ. P. 15(a)(2) on or after this deadline.

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | | |
| | Plaintiff | 12/20/2024 |
| | Defendant | 12/20/2024 |
| | Rebuttal | 1/10/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 2/28/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Click or tap here to enter text. | | 5/5/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 5/19/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 6/9/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 6/16/2025 |
| Month and year of the trial term. | | 7/29/2025 |

The trial will last approximately 4 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

In this action, Plaintiff Rumble, Inc. claims that Defendants Nandini Jammi and Claire Atkin (and unnamed John Doe Defendants) defamed it by posting a news article and social media posts claiming Plaintiff lied to its shareholders and the SEC in securities filings about Rumble, Inc.'s financial health and sources of ad revenue

3

by overstating Plaintiff's reliance on advertising revenue from Google, and claiming Plaintiff's financial health is precarious, which resulted in damages. Defendants dispute Plaintiff's interpretation of the news article and social media posts at issue – which, among other things, cannot be fairly read to state or imply that Plaintiff lied to its shareholders and the SEC in security filings or that Plaintiff's financial health is precarious. Defendants also deny Plaintiff's libel claims on multiple other grounds, including a lack of cognizable damages and lack of actual malice.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects[‡]:

1. Defendants' attempts, if any, to offer Plaintiff an opportunity to comment;
2. Defendants' alleged financial motives and funding for their allegedly defamatory statements made about Plaintiff;
3. Defendants' alleged bias, ill will, and spite against Plaintiff and Plaintiff's investors;

---

‡ Nothing in the following list of discovery subjects constitutes an admission that any such documents exist nor is anything herein to be constituted a waiver of any objections to the production of the documents listed.

4. Defendants' possession of and/or knowledge of the contents of Plaintiff's securities filings with the SEC at the time of the allegedly defamatory statements;
5. Defendants' communications with Plaintiff and third parties which allegedly provided Defendants with facts contradicting the statements made by Defendants but ignored by them;
6. Defendants' knowledge of the truth at the time the statements were made;
7. The truth or falsity of the facts underlying the allegedly defamatory statements by Defendants;
8. Defendants' practices with respect to their advocacy and what they consider efforts to raise awareness about Rumble's role in the online advertising ecosystem;
9. Defendants' fundraising practices and funding based upon that advocacy;
10. The identity and involvement of unnamed third parties (if any) in the publication of Defendants' defamatory statements;
11. The context in which the allegedly defamatory statements were made, including other relevant statements that have been made by or about the parties or other individuals affiliated with either party;
12. The percent of Plaintiff's revenue which is derived from Google's advertising platform;
13. Plaintiff's relationship with Google and other large technology companies;
14. Plaintiff's financial records, including the source of its advertising revenue;
15. Plaintiff's SEC filings, including statements about the source of its advertising revenue;
16. Special damages, including instances where Plaintiff allegedly lost business relationships as a result of the allegedly defamatory statements at issue or suffered other forms of particularized harm;
17. Alleged Reputational harm, including the breadth, and scope with which the Defendants' false statements were published;
18. Whether Rumble provided Defendants with pre-suit notice;
19. Whether, in response to that pre-suit notice, Defendants retracted or corrected any of their statements;
20. Such other facts relevant to actual malice;
21. The identity of any third party (if any) on whose behalf Defendants were acting in publishing the allegedly defamatory statements.

    C.    Discovery should be conducted in phases:

        ☒ No.
        ☐ Yes; describe the suggested phases.

    D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☐ No.
        ☒ Yes; given the nature of the allegations may touch on confidential information unique to the parties' respective proprietary operations, the parties anticipate the need for a stipulated and signed confidentiality agreement for the handling of confidential information, or, barring such an agreement, for issuance of a limited protective order.

    E.    ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Jered T. Ede*
Jered T. Ede
Florida Bar No. 1045898
Elizabeth M. Locke*
Nicholas J. Brechbill*
Clare Locke LLP
10 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
jered@clarelocke.com
libby@clarelocke.com
nick@clarelocke.com
*Admitted *Pro Hac Vice*

*Counsel for Plaintiff*

*/s/ Sarah M. Papadelias*
Deanna K. Shullman
Florida Bar No. 514462
Sarah M. Papadelias
Florida Bar No. 0125098
Shullman Fugate PLLC
2101 Vista Parkway, Ste. 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com
spapadelias@shullmanfugate.com

Katherine M. Bolger*
John M. Browning*
Davis Wright Tremaine LLP
1251 Avenue of the Americas
New York, New York 1002
Telephone: (212) 489-8230
katebolger@dwt.com
jackbrowning@dwt.com
*Admitted *Pro Hac Vice*

*Counsel for Defendants Nandini Jammi and Claire Atkin*