UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| RUMBLE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NANDINI JAMMI, CLAIRE ATKIN, and JOHN DOE NOS. 1-10, <br><br> Defendants. | CASE NO: 8:23-CV-2718 <br><br> **MOTION FOR A STAY OF DISCOVERY PENDING A DISPOSITION OF DEFENDANT'S MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 3.01 and Civil Discovery Handbook Rule I.E.4, Defendants Nandini Jammi and Claire Atkin ("Defendants"), respectfully moves to briefly stay discovery pending disposition of their Motion to Dismiss the Complaint.

## INTRODUCTION

The Court should stay discovery because Plaintiff Rumble, Inc. ("Rumble") has demonstrated a clear intent to harass Defendants with scorched earth litigation tactics and because there is a strong likelihood that the Complaint will be dismissed. Staying discovery in this meritless defamation action would also advance the "powerful interests" the Court has "ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). In addition to the good cause that exists to stay discovery, which described is more fully below, Rumble will not be prejudiced by a brief stay to enable the Court to decide Defendants' dismissal motion.

1

# FACTUAL BACKGROUND

### A. Rumble Harassed Defendants Online and Threatened to Weaponize Discovery against Them

On November 19, 2023, ten days prior to filing this lawsuit, Rumble's CEO Chris Pavlovski posted a statement on X (f/k/a Twitter) stating that he intended to file a "thermonuclear" lawsuit against Defendants. Declaration of John M. Browning in Support of Motion to Stay Discovery dated April 5, 2024 ("Browning Stay Decl.") Ex. A. This incendiary threat was accompanied by tweets announcing that it was on "[o]ffense only from now on" and that "the tide [was] finally turning, corporate media and activists are going to feel the heat." *Id*. Exs. B, C.

Following up on these openly hostile comments, Pavlovski posted additional messages referring to discovery in a threatening manner. The first was a blunt demand that Defendants "preserve all your documents." *Id*. Ex. D. The second post, which followed the next day, was "a little update" on a separate antitrust case Rumble filed against Google that he "forgot to share a few months ago": "Discovery is in progress ☺." *Id*. Ex. E. Taken together and in context, these statements can be reasonably interpreted as a statement of intent to use the discovery process against Defendants in a punitive manner.

This threat was made more explicitly by one of Rumble's biggest shareholders and most popular content producers, Dan Bongino. On November 22, 2023, one week before the Complaint in this action was filed, Bongino directed the following tweet at Jammi: "[y]ou know that lawsuit you're involved in? You know the one, right? The

one showing you're a fraud and a bullshit artist?  Surely you have the papers by now….
*This will be a tremendous discovery session…*"  *Id*. Ex. F (emphasis added).

Bongino has posted other messages demeaning and threatening Defendants to his millions of followers on X.  One of Jammi's allegedly defamatory tweets in this action is her response to Bongino's since-deleted post calling her a "Soros stooge, and vocal supporter of child predators." *Id*. Ex. G.  The "supporter of child predators" slur refers to an earlier message deriding Atkin as a "child predator" because she offered to send books to teenagers whose schools have enforced book bans.  *Id*.  On September 24, 2023, Bongino tweeted "[w]hy is Google colluding with two perverts, Claire Atkin & Nandini Jammi?"  *Id*. Ex. H. Bongino has posted other messages irresponsibly denigrating Jammi as a "beast," "ANTIFA mutt who stalks women," "disgusting filth" and "cat lady."  *Id*. Ex. I.

### B. This Libel Action Is Part of a Wider Scorched Earth Campaign Against Media Monitoring Organizations

This libel action against Defendants is one of several predatory lawsuits social media platforms have filed over the last nine months in an apparently coordinated effort to stifle organizations that publish critical reports about their activities.

Rumble CEO Pavlovski's "thermonuclear" tweet was a direct reference to a post from X-owner Elon Musk the previous day, in which he stated that "X-Corp will be filing a thermonuclear lawsuit against [the non-profit watchdog] Media Matters." *Id*. Ex. J.  That lawsuit, which was filed in the Northern District of Texas, attacked Media Matters for publishing an article reporting that ads were appearing on X next

3

to pro-Nazi content and that Musk had apparently endorsed an antisemitic conspiracy theory. *X. Corp. v. Media Matters for America* (N.D. Texas 23-cv-01175).[1]

That same day, and apparently at Musk's behest, Texas Attorney General Ken Paxton announced that he had opened an investigation into Media Matters for potential fraudulent activity. Browning Stay Decl. Ex. K.[2] The Attorney General of Missouri has launched a similar investigation and sued Media Matters in an effort to force it to turn over documents. *State of Missouri v. Media Matters for America* (Mo. Cir. Ct. 24AC-CC02291).

A few months earlier, on July 31, 2023, X Corp. sued the Center for Countering Digital Hate ("CCDH") – another media monitoring organization – among others for publishing data analysis showing that X was overwhelmed with harmful content. *X. Corp. v. Center for Countering Digital Hate, Inc.* (N.D. Cal. 23-cv-03836). That same day, Musk tweeted to more than 170 million followers, "can't wait to get their donors under deposition." On March 25, 2024, Judge Charles R. Breyer granted CCDH's dismissal motion. His order began:

> Sometimes it is unclear what is driving a litigation, and only by reading between the lines of a complaint can one attempt to surmise a plaintiff's true purpose. Other times, a complaint is so unabashedly and vociferously about one thing

---

[1] Media Matters has filed a motion to dismiss for lack of personal jurisdiction and improper venue together with a motion to stay discovery, both of which are currently pending. *Id.* at Dkts. 40, 43.

[2] Media Matters sued A.G. Paxton in the District Court for the District of Columbia for "misusing the powers of the Texas Attorney General's Office to launch a retaliatory, unlawful investigation into [Media Matters] for their constitutionally protected research and reporting on Elon Musk and the social media platform he owns." *Media Matters for America v. Paxton*, Dkt. 1 at 1 (D.D.C. 24-cv-00147). Media Matters has filed a motion for a temporary restraining order and preliminary injunction enjoining his investigation for violating the First Amendment. *Id.*

4

that there can be no mistaking that purpose.  This case represents the latter circumstance.  *This case is about punishing Defendants for their speech*.

*X Corp. v. Center for Countering Digital Hate* (N.D. Cal. 23-cv-03868), Dkt. 75 at 1. (emphasis added).

The timing of this lawsuit and the punitive rhetoric accompanying its filing suggests that Rumble has sued Defendants as part of a broader legal offensive against anyone who investigates or criticizes the ways in which certain social media platforms make money from advertising.  Rumble's Complaint supports this conclusion.  Even though none of the allegedly defamatory statements in this lawsuit have anything to do with Media Matters, the Complaint alleges that "Media Matters has worked directly with Defendants" and that Rumble intends to use "discovery in this action" to find grounds to sue "Media Matters, and/or [the political consulting firm] Dewey Square Group." Compl. ¶¶24-25.

In addition, Rumble stated in the Case Management Report that it intends to take discovery in order to uncover "the identity and involvement of unnamed third parties … in the publication of Defendants' defamatory statements" or the "identity of any third party … on whose behalf Defendants were acting." Dkt. 29, 6.  These requests indicate Rumble's clear intent to take discovery far afield from the allegedly defamatory statements at issue in an effort to advance Rumble's political agenda.

**C. Defendants' Motion to Dismiss**

The Complaint alleges defamation and defamation by implication arising from five statements from Defendants stating, in relevant part, that "Rumble's business is

5

largely dependent on Big Tech (*i.e.*, Google Ads)." Compl. ¶75. On April 5, 2024, Defendants moved to dismiss or, in the alternative transfer, for lack of personal jurisdiction, improper venue and failure to state a claim. Dkt. 30.

## ARGUMENT

Discovery should be stayed both because Defendants' Motion to Dismiss is likely to dispose of the entire lawsuit and because Rumble has signaled its intent to use discovery as a means of harassing Defendants.

Courts have broad discretion in managing their dockets. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). "This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness." *Markle v. Markle*, 2023 U.S. Dist. LEXIS 20621, at *2 (M.D. Fla. Feb. 7, 2023) (quotation omitted). While the pendency of a motion to dismiss "normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss," "'unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden.'" *Id.* (quoting Middle District Discovery Handbook (2021) at Section 1.E.4).

"In determining whether to stay discovery pending the resolution of a motion, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court "may take a 'preliminary peek' at the merits of the purportedly dispositive motion to determine if, on the motion's face, 'there appears to be an immediate and clear

6

possibility' that the Court will dismiss the action in its entirety." *Markle*, 2023 U.S. Dist. LEXIS 20621, at *3. Requests for a stay of discovery are usually denied "absent a clear indication that [the] Court will dismiss the action in its entirety." *Id*. (citation omitted).

      **I.    RUMBLE SHOULD NOT BE PERMITTED TO USE DISCOVERY TO HARASS DEFENDANTS**

Rumble has signaled a clear intent to use discovery as a means of suppressing the First Amendment rights of Defendants and media monitoring organizations more generally.

Stays of discovery are particularly appropriate in defamation actions to avoid the chilling effect on speech caused by the expense and burden of unnecessary discovery. In a defamation action Bongino filed against an online newspaper, for instance, the Court granted a stay to advance the "powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Bongino v. Daily Beast Co., LLC*, 477 F.Supp. 3d 1310, 1324 (S.D. Fla. 2020) (quoting *Michel*, 816 F.3d 686 at 702). Another Court granted a "stay of discovery pending determination of threshold legal issues" in a defamation action because "[t]he Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted." *Borislow v. Canaccord Genuity Group, Inc.*, 2014 U.S. Dist. LEXIS 190681, at *3-4 (S.D. Fla. June 24, 2014). *See also Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (holding that district court did not abuse its broad discretion in

7

staying discovery pending resolution of motion for judgment on the pleadings in a defamation action).

Here, there is an acute need to protect Defendants from harassment and the chilling effect that unnecessary discovery would have on their First Amendment protected activities. This is not a hypothetical concern. Rumble's CEO and one of its largest shareholders made public statements that they intend to use discovery as an offensive weapon to punish Defendants for their critical reporting. Browning Stay Decl. Exs. A-F. The Complaint and Case Management Report indicate that Rumble is preparing to embark on a fishing expedition for irrelevant evidence they might use to attack Check My Ads, Media Matters and any other critical media monitoring organization. Compl. ¶¶24-25; Dkt. 29, 6. And this action appears to be part of a wider campaign of to silence reporting about controversial social media networks in the run up to the 2024 Presidential Election. Browning Stay Decl. Exs. A, K, M. Given the clear and present danger that Rumble will abuse the discovery process, discovery should be stayed.

Rumble's history of harassing Defendants online also weighs in favor of a stay. As one court noted when quashing a subpoena Elon Musk served on a BuzzFeed journalist, "animus" and intent to harass are relevant considerations when determining whether to allow discovery to proceed. *See Unsworth v. Musk*, 2019 U.S. Dist. LEXIS 186481, at *1-7 (N.D. Cal. Oct. 28, 2019). Bongino, who is one of Rumble's biggest shareholders and content producers, has repeatedly sought to shut Defendants down by posting outrageous slurs to his millions of followers – including,

8

most egregiously, that Defendants are "child predators."  Browning Stay Decl. Ex. Browning Stay Decl. Exs. H, I.  This demonstrates Rumble's lack of good faith and militates heavily in favor of staying discovery to prevent further abuse.

Given this record, the Court should not give Rumble the benefit of the doubt and it should stay discovery to prevent Rumble from doing precisely what it says it will do – which is use discovery as a weapon to harass and silence Defendants.

## II. DEFENDANTS' MOTION TO DISMISS IS MERITORIOUS AND WILL LIKELY DISPOSE OF THE ENTIRE ACTION

The strong justification for a brief stay of discovery is further underscored by the strength of Defendants' Motion to Dismiss, which is likely to dispose of this entire action on multiple grounds.  Taking a "peek" at the Complaint and Defendants' Motion to Dismiss, it is clear that Rumble has failed to adequately plead that any third-party read the statements in suit in Florida – which precludes a finding of personal jurisdiction.  *See* Dkt. 30, 2-3.  Venue is also improper because this defamation lawsuit has no meaningful connection to Florida or this District – which, at minimum, requires transfer to an appropriate venue like the District of Maryland.  *Id*. at 3-4.[3]

A stay is also warranted because the Motion to Dismiss raises "the concern that Plaintiff's defamation claim may be legally insufficient because the challenged statements may be … protected by the First Amendment."  *Borislow*, 2014 U.S. Dist. LEXIS 190681, at *3.  The allegedly defamatory statements – *i.e.*, that Rumble is

---

[3] Given the strong possibility of a transfer, it would also be appropriate for this Court to stay discovery so that the Court that ultimately resolves the case can manage discovery from the start.

9

"largely dependent" on revenue from Google Ads – do not convey a defamatory meaning.  *See* Dkt. 30, 12-16.  Rumble failed to plead the necessary elements of special damages and actual malice.  *Id*. at 16-24.  And its defamation by implication claim necessarily falls with the defamation claim.  *Id*. at 24-25.

Since these obvious defects in the Complaint all require immediate dismissal of the entire action, discovery should be stayed.

### III.   RUMBLE WILL NOT BE PREJUDICED BY A BRIEF STAY OF DISCOVERY

To the extent that Rumble has a legitimate interest in pursuing the discovery it seeks, it will not be prejudiced by the brief stay Defendants have requested.  The Court has not yet entered a scheduling order, but the parties have submitted a joint case management report setting December 13, 2024 as the cut off for fact discovery – which leaves ample time to take the limited amount of discovery that is legitimately needed for this case.  A stay will also streamline discovery because, in the unlikely event the Complaint survives, the Court's decision will focus the parties on relevant issues.

### CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court stay all discovery (including from non-parties) pending resolution of Defendants' Motion to Dismiss.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g)(2), Defendants hereby certify that the parties met and conferred via Zoom in connection with this motion but were unable to

10

resolve all or part of the motion.

| | |
|---|---|
| SHULLMAN FUGATE PLLC | DAVIS WRIGHT TREMAINE LLP |
| By: __/s/ Sarah Papadelias_____.<br>Deanna K. Shullman (SBN 514462)<br>Sarah M. Papadelias (SBN 0125098) | John M. Browning*<br>Katherine M. Bolger* |
| 2101 Vista Parkway, Ste. 4006<br>West Palm Beach, Florida 33411<br>Telephone: (561) 429-3619 | 1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 489-8230 |
| dshullman@shullmanfugate.com<br>spapadelias@shullmanfugate.com | jackbrowning@dwt.com<br>katebolger@dwt.com<br>*Admitted *Pro Hac Vice* |

*Counsel for Defendants Nandini Jammi and Claire Atkin*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Sarah Papadelias
Sarah Papadelias