# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| RUMBLE, INC., | ) |
|     Plaintiff, | ) CASE NO: 8:23-CV-2718 |
| vs. | ) DEFENDANTS' OPPOSITION TO RUMBLE, INC.'S MOTION TO EXTEND THE DEADLINE FOR MOTIONS TO ADD PARTIES OR TO AMEND PLEADINGS |
| NANDINI JAMMI, CLAIRE ATKIN, and JOHN DOE NOS. 1-10, | ) |
|     Defendants. | ) |

Pursuant to Federal Rules of Civil Procedure 6 and 16, Defendants Claire Atkin and Nandini Jammi ("Defendants") respectfully submit this brief in opposition to Plaintiff Rumble, Inc.'s ("Rumble") Motion to Extend the Deadline for Motions to Add Parties or Amend Pleadings (Dkt. 52) (the "Amendment Motion").

## MEMORANDUM OF LAW

Rumble's proposed sixty-day extension to its June 7, 2024, deadline to move to add parties or amend its pleadings should be denied for lack of good cause and because extending this now-expired deadline would prejudice Defendants.

Rumble must establish "good cause" for its proposed extension of time from June 7, 2024, to August 6, 2024. Fed. R. Civ. P. 6(b), 16(d). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Hannah v. Sky Grp. USA, LLC*, 2020 U.S. Dist. LEXIS 263800, at *3 (M.D. Fla. July 24, 2020) (quoting *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 2020)).

Far from demonstrating good cause, the Amendment Motion proves Rumble's lack of diligence in pursuing the discovery it has always known it would need to "identify additional third parties that may have been involved in the publication of the defamatory statements at issue."  Amendment Motion, 3.[1]  When Rumble filed suit on November 29, 2024, it stated its intention to take "discovery in this action" to identify and sue "John Doe Nos. 1-10" including – "Check My Ads, Media Matters, and/or Dewey Square Group employees" – who allegedly "authored, edited and published" the statements in suit together with Defendants (Dkt. 1, ¶ 1).  Rumble was thus aware from the outset that it needed to take discovery before adding these third parties as defendants.  Rumble was entitled to serve discovery any time after the parties' Rule 3.02(a)(1) planning conference on March 12, 2024, and Rumble also knew that the deadline for seeking leave to amend or to add parties was June 7, 2024 (Dkt. 37, 2).  Yet Rumble waited two and a half months – until May 31, 2024 – to serve its first requests for production.  Amendment Motion, 2.  Rumble waited another week – until June 5, 2024 – to serve interrogatories asking who contributed to the statements in suit.  *Id*.  Long before Rumble served these initial discovery requests, it knew (or should have known) that it would "not receive responses from Defendants … until after the June 7 [amendment] deadline…." *Id*.

The Amendment Motion fails to show good cause for this inexplicable failure to conduct basic and eminently foreseeable discovery in a timely fashion.  Rumble

---

[1] Rumble has not identified any other grounds for amending its pleadings or for naming other parties as defendants to this action.

2

knew that it wanted to know the identities of additional authors (if any) when it filed suit and that it needed to conduct discovery to obtain this information.  Rather than pursue discovery promptly, Rumble inexplicably waited for the parties to exchange Initial Disclosures on April 30, 2024.  *Id*.  And, once Rumble discovered that Defendants would not disclose the information it sought voluntarily, it doubled down on delay by waiting another month before serving discovery.  *Id*.

There is no legitimate excuse for this delay.  Rumble suggests that it was impossible to draft discovery while also contending with "the motion practice" in this case (Amendment Motion) but this argument fails for multiple reasons.  First, Rumble cannot seriously claim to be subsumed in motion practice when, after months of litigation, it has not even filed an opposition to Defendants' Motions to Dismiss.  Second, Rumble could have easily propounded discovery in the weeks between the parties' March 12, 2024 planning conference and the filing of Defendants' first Motion to Dismiss on April 5, 2024.  Third, discovery requests for the identity of individuals involved in the publication of the statements at issue are extremely basic and Rumble anticipated that it would need to make these requests from the beginning of the case.  In short, Rumble slept on its rights and allowed its deadline to lapse – which is the antithesis of the good cause needed to justify an extension of time.

The Court should also deny the Amendment Motion because allowing Rumble more time to add defendants would prejudice the existing Defendants and waste judicial resources.  Defendants have taken the consistent position that discovery should be stayed because their Motion to Dismiss is likely to require dismissal of this

entire action because (a) the statements at issue are not defamatory as a matter of law, (b) Rumble failed to plead the necessary element of special damages, and (c) Rumble cannot establish actual malice. Since these arguments require dismissal of Rumble's defamation claims regardless of who wrote or contributed to the statements, it would be futile to permit Rumble more time to name additional parties as defendants. Moreover, given the threats Rumble has made to engage in "thermonuclear" litigation practices (Dkt. 46 at 2, 8), Defendants are at risk of discovery abuse if Rumble is given broad latitude to embark on a fishing expedition through its files. *See id.* at 9.

Conversely, Rumble will not suffer meaningful prejudice if the Court denies its Amendment Motion. In the unlikely event that the Court denies Defendants' Motion to Dismiss or permits Rumble leave to amend its pleadings, discovery will resume and reasonable amendments to the current Scheduling Order can be made as needed. Moreover, Rumble has already amended its pleadings once as of right. Permitting Rumble another sixty days to move for leave to amend its pleadings a second time can serve no purpose other than disrupting Defendants' pending Motion to Dismiss – particularly since, for the reasons stated above, the proposed amendment is futile.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Rumble's motion for a sixty-day extension of its deadline for motions to add parties or to amend its pleadings.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g)(2), Defendants hereby certify that the parties

met and conferred via Zoom in connection with this motion but were unable to resolve all or part of the motion.

| | |
|---|---|
| SHULLMAN FUGATE PLLC | DAVIS WRIGHT TREMAINE LLP |
| By: _/s/ Sarah Papadelias_<br>Deanna K. Shullman (FBN 514462)<br>Sarah M. Papadelias (FBN 0125098) | John M. Browning*<br>Katherine M. Bolger* |
| 2101 Vista Parkway, Ste. 4006<br>West Palm Beach, Florida 33411<br>Telephone: (561) 429-3619 | 1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 489-8230 |
| dshullman@shullmanfugate.com<br>spapadelias@shullmanfugate.com | jackbrowning@dwt.com<br>katebolger@dwt.com<br>*Admitted *Pro Hac Vice*<br><br>*Counsel for Defendants Nandini Jammi and Claire Atkin* |