UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| RUMBLE, INC., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>NANDINI JAMMI, CLAIRE ATKIN, and JOHN DOE NOS. 1-10, <br><br>　　　　Defendants. | **DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS** <br><br> **CASE NO: 8:23-CV-2718** |

Pursuant to Local Rule 3.01(d), Defendants Nandini Jammi and Claire Atkin ("Defendants") hereby seek leave to file a ten-page reply brief in support of their Motion to Dismiss (Dkt. 44) to be due seven days after the Court decides this request. In support thereof, Defendants state as follows:

1.  Rumble alleges that Defendants defamed it by publishing five statements conveying that "[1] Rumble's business is largely dependent on Big Tech (*e.g.*, Google Ads), [2] that its heavy reliance on Google Ads exposes Rumble to a material financial risk, and [3] that Rumble has misled investors and other stakeholders by reporting false information about its financial health … in public securities filings."  (Dkt. 42, ¶ 86).

2.  On May 10, 2024, Defendants filed a Motion to Dismiss the Amended Complaint, arguing that the interpretations [1] and [2] in the preceding paragraph are not defamatory as a matter of law because it does not "strike at [Rumble's] professional competence and fitness" to report that it relies upon Google Ads.  Dkt. 44 at 8-13, quoting *San Juan Prods v. River Pools & Spas, Inc.*, 2023 U.S. Dist. LEXIS 25030, at *23

1

(M.D. Fla. Feb. 14, 2023).[1] Defendants also argued that Rumble failed to plead special damages with necessary particularity (*id*. at 14-20), failed to plead actual malice (*id*. at 20-24) and failed to identify a literally true statement to serve as the basis for the defamation by implication claim (*id*. at 24-25).

3. Rumble filed its Response to Defendant's Motion to Dismiss on July 1, 2024, which raised the following new legal issues and points of law:

- Rumble asserts for the first time that Defendants accused it of "hypocrisy" and cites cases – some more than 130 years old – purporting to establish that "allegations of hypocrisy are defamatory per se." (Dkt. 58 at 6).

- Rumble argues that it is defamatory to report that a business faces a specific financial risk based on distinguishable cases where (unlike here) the statements at issue accused the plaintiff of either (a) engaging in fraudulent business practices or (b) defaulting on financial obligations. *Id*. at 4-5, 7-8.

- Rumble cites outlier cases to argue that it can plead special damages in general terms but fails to mention contradictory authority that special damages must be pled with particularity under Fed. R. Civ. P. 9. *Id*. at 12-13.

- Rumble introduces inapplicable "slander of title" cases in support of its claim that attorneys' fees count as special damages in this defamation action and cites misleading authority to argue that alleged diminution of its stock price and pre-suit attorneys' fees are recoverable as special damages. *Id*. at 13-15.

---

[1] Defendants argued that interpretation [3] was untenable because the statements at issue never accused Rumble of fraud. (Dkt. 44 at 13-14).

2

- Rumble argues, contrary to Florida law, that it can state a claim for defamation by implication based on false facts and requests leave to amend this claim to "one for defamation per quod." *Id.* at 20.

4. Granting Defendants leave to file a short reply brief is appropriate because this will permit Defendants to address the many new legal issues listed above and would also "benefit the Court's resolution of the pending motion." *Montgomery Bank, N.A. v. Alico Road Business Park, LP*, 2014 WL 3828406 (M.D. Fla. Aug. 4, 2014).[2]

WHEREFORE, Defendants respectfully request that the Court grant them leave to file a ten-page reply memorandum in support of their Motion to Dismiss.

### LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certifies that they conferred with Rumble's counsel by email on July 2, 2024, who advised that Rumble opposes the relief requested herein.

Respectfully submitted,

| | |
|---|---|
| SHULLMAN FUGATE PLLC | DAVIS WRIGHT TREMAINE LLP |
| By: */s/ Sarah M. Papadelias* | John M. Browning* |
| Sarah M. Papadelias | Katherine M. Bolger* |
| Florida Bar No. 514462 | 1251 Avenue of the Americas |
| Deanna K. Shullman | New York, New York 1002 |
| Florida Bar No. 0125098 | Telephone: (212) 489-8230 |
| 100 S. Ashley Dr., Ste. 600 | katebolger@dwt.com |
| Tampa, FL 33602 | jackbrowning@dwt.com |
| Telephone: (561) 429-3619 | *  Admitted *Pro Hac Vice* |
| dshullman@shullmanfugate.com | |
| spapadelias@shullmanfugate.com | *Counsel for Defendants* |

---

[2] *See also PK Studios, Inc. v. R.L.R. Invs., LLC*, 2015 WL 12843877, at *2 (M.D. Fla. Dec. 8, 2015) (granting leave to file reply in support of motion to dismiss where defendant's arguments in response were "inaccurate and unsupported"); *Global Tech Led, LLC v. Hilumz Int'l Corp*, 2016 U.S. Dist. LEXIS 101888, at *3 (M.D. Fla. Aug. 3, 2016) (granting leave to file reply to rebut defendant's "conclusory allegations" asserted in response).

3