# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| RUMBLE INC., <br><br> Plaintiff, <br><br> v. <br><br> NANDINI JAMMI, CLAIRE ATKIN, and JOHN DOE NOS. 1–10, <br><br> Defendants. | **Case No. 8:23-cv-02718-CEH** |

**JOINT MOTION FOR ENTRY OF ORDER UNDER FED. R. EVID. 502(d)**

The Parties respectfully request that this Court enter an order as set forth herein pursuant to Federal Rule of Evidence 502(d) to facilitate the production and use of documents, electronically stored information ("ESI"), or other information in this litigation (the "Litigation") and to protect the Parties against the waiver of the attorney-client privilege or work-product protection attaching to those documents, ESI, and other information.

## I.   MEMORANDUM OF LAW

Pursuant to Rule 502(d), this Court may order that the attorney-client privilege or work-product protection "is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). Although it is discretionary to enter a Rule 502(d) order, "[f]ederal courts, including those in Florida, routinely

enter such order[s] upon request of the parties." *Diaz v. Chapters Health Sys., Inc.*, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019).

There is good cause to enter a Rule 502(d) order in this Litigation. The Parties are engaging in discovery related to Rumble's Amended Complaint. By ensuring enforceability of the protections agreed upon in the Confidentiality Stipulation, a Rule 502(d) order would provide the Parties "with a predictable protection from a court order—predictability that is needed to allow the part[ies] to plan in advance to limit the prohibitive costs of privilege and work product review and retention." Fed. R. Evid. 502 Advisory Committee Notes, Subdivision (d).

## II.   CONCLUSION

For the foregoing reasons—and to facilitate an efficient discovery process and to conserve the resources of the Parties and the Court—the Parties respectfully request that the Court grant this motion and enter an order pursuant to Rule 502(d) as follows:

1. The production of documents, ESI, or other information, whether inadvertent or otherwise, that a party claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information") shall not be deemed a waiver or impairment of any such claim of privilege or protection in this Litigation or in any other federal or state proceeding. The order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

2. In case of production of Protected Information, the producing party shall notify the receiving party, and the receiving party shall make reasonable efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) such Protected Information pursuant to the terms of the Parties' Confidentiality Stipulation. To the extent the receiving party contests a claim of attorney-client privilege or work product protection, such a challenge shall also be addressed pursuant to the terms of the Parties' Confidentiality Stipulation, and the producing party shall retain the burden of establishing the privileged or protected nature of the Protected Information.

3. The order shall be applicable to and govern all documents, ESI, and other information produced or disclosed in connection with this Litigation by a party or non-party, whether in response to a discovery request, during a deposition, in support of a motion or filing, or otherwise.

4. Nothing contained in the order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevant, responsiveness, and/or segregation of privileged, and/or protected information before production.

Respectfully submitted,

| | |
|---|---|
| s/ *Jered T. Ede* | s/ *John M. Browning* |
| Jered T. Ede | John M. Browning |
| (Florida Bar No. 1045898) | (admitted *pro hac vice*) |
| Elizabeth M. Locke, P.C. | Katherine Bolger |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| Nicholas J. Brechbill | DAVIS WRIGHT TREMAINE LLP |
| (admitted *pro hac vice*) | 1251 Avenue of the Americas |
| CLARE LOCKE LLP | New York, New York 11225 |
| 10 Prince Street | Telephone: (212) 603 6410 |
| Alexandria, Virginia 22314 | Email: jackbrowning@dwt.com |
| Telephone: (202) 628-7400 | Email: katebolger@dwt.com |
| Email: jered@clarelocke.com | |
| Email: libby@clarelocke.com | Deanna K. Shullman (SBN 514462) |
| Email: nick@clarelocke.com | Sarah M. Papadelias (SBN 0125098) |
| | SHULLMAN FUGATE PLLC |
| *Attorneys for Plaintiff Rumble Inc.* | 2101 Vista Parkway, Ste. 4006 |
| | West Palm Beach, Florida 33411 |
| | Telephone: (561) 429-3619 |
| | Email: dshullman@shullmanfugate.com |
| | Email: spapadelias@shullmanfugate.com |
| | |
| | *Attorney for Defendants Nandini Jammi and Claire Atkin* |

## Local Rule 3.01(g) Certification

All Parties have conferred and consent to the relief requested.