**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

| | |
|---|---|
| RUMBLE, INC., ) | |
| ) | CASE NO: 8:23-CV-2718 |
| Plaintiff, ) | |
| ) | **DEFENDANTS' OPPOSITION TO** |
| vs. ) | **RUMBLE, INC.'S MOTION TO** |
| ) | **EXTEND THE DEADLINE FOR** |
| NANDINI JAMMI, CLAIRE ATKIN, ) | **MOTIONS TO ADD PARTIES OR TO** |
| and JOHN DOE NOS. 1-10, ) | **AMEND PLEADINGS** |
| ) | |
| Defendants. ) | |

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), Defendants Claire Atkin and Nandini Jammi ("Defendants") respectfully submit this brief in opposition to Plaintiff Rumble, Inc.'s ("Rumble") Motion to Extend the Deadline for Motions to Add Parties or Amend Pleadings. Dkt. 74 (the "Amendment Deadline Extension Motion").

**MEMORANDUM OF LAW**

Rumble's renewed motion to extend its deadline to move to add parties or amend its pleadings until sixty (60) days after Defendants certify the completion of their document production to Rumble's First Set of Requests for Production should be denied for two reasons: (I) lack of good cause (*i.e.*, diligence) and (II) the proposed extension would prejudice Defendants and waste judicial resources.

**I.    Rumble Has Not Identified Good Cause for its Requested Extension**

Rumble has failed to demonstrate the diligence necessary to justify extending its time to file a motion seeking leave to add parties or otherwise amend its pleadings.

Rule 16(b) precludes modification of the scheduling order unless Rumble can show "good cause" – *i.e.*, that the scheduling order cannot be met despite Rumble's diligence. Fed. R. Civ. P. 6(b), 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Hannah v. Sky Grp. USA, LLC*, 2020 WL 13357800, at *1 (M.D. Fla. July 24, 2020) (quoting *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 2020)).[1] Courts assess three factors when considering a party's diligence:

> (1) [w]hether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the plaintiff, and (3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend.

*Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616-17 (M.D. Fla. 2015) (quoting *Sosa*, 133 F.3d at 1419). If Rumble was not diligent in seeking the facts it needed to amend its pleadings, there is no good cause to permit an extension of time to add parties and this motion should be denied. *Sosa*, 133 F.3d at 1418 (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)). *See also Al -Saadi v. AnnChery Fajas USA, Inc.*, 2022 WL 2056802, at *4 (S.D. Fla. May 13, 2022) ("[L]ack of diligence can include a plaintiff's failure to timely *seek* discovery to obtain the information necessary to determine whether there are grounds for an amended complaint."), *report and recommendation adopted,* 2022 WL 2174237 (S.D. Fla. June 16, 2022).

---

[1] When a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa*, 133 F.3d at 1419.

Here, Rumble cannot satisfy the first *Sosa* factor because it knew from before it filed this litigation that it needed specific information to add John Does as parties but failed to take the necessary steps to acquire that information before the relevant June 7, 2024 deadline.  The initial complaint Rumble filed on November 29, 2023 included fictitious parties "John Doe Nos. 1-10" as putative defendants. Dkt. 1, ¶25.  Rumble alleged that John Doe Nos. 1-10 are third-party employees of "Check My Ads, Media Matters, and/or Dewey Square Group" who, together with Defendants, "authored, edited, and published … the defamatory October 24, 2023 article about Rumble on CheckMyAds.org, upon which this action is partially based."  *Id*.   The initial complaint further stated that Rumble "intend[ed] to identify John Doe Nos. 1-10 through discovery in this action." *Id*.[2]  Accordingly, Rumble was on notice from the outset that it would need to take discovery promptly to name John Doe Nos. 1-10 as defendants in this action.

Nearly one year later, the record demonstrates that Rumble failed to exercise any diligence in obtaining the information it knew it needed to identify John Does 1-10 before the June 7, 2024 deadline to add parties expired.  The relevant timeline is as follows:

- November 29, 2023 – Rumble files suit and includes fictitious John Does 1-10 in its pleadings.
- March 12, 2024 – the parties conduct their 3.02(a)(1) planning conference and Rumble can seek discovery at any time from this date.

---

[2] Rumble filed an amended complaint on April 26, 2024, which included the same placeholder allegations against John Does 1-10 and failed to add any new parties to this action.  Dkt. 42, ¶¶ 25, 59-60.

3

- April 11, 2024 – the Court enters its Case Management and Scheduling Order setting June 7, 2024 as Rumble's deadline to move to add new defendants. Dkt. 37, at 2.

- May 31, 2024 – Rumble serves its first discovery request in this action – *i.e.*, the First Requests for Production of Documents. Amendment Deadline Extension Motion, 2.

- June 5, 2024 – Rumble serves its First Sets of Interrogatories, which asked Defendant Jammi to disclose who "participated in researching, drafting, editing, photo editing, fact-checking or publishing" the October 24, 2023 article. *Id.*; Declaration of John M. Browning dated November 12, 2024 ("Browning Decl.") Ex. A, Interrogatory 1.

- June 5, 2024 – Rumble files a motion seeking to extend its deadline to seek leave to add parties or to amend its pleadings to August 6, 2024, which Defendants oppose. Dkts. 52, 57.

- July 1, 2024 – Defendants serve Responses and Objections to Rumble's First Set of Requests for Production asserting reporters shield laws and other privileges against compelled disclosure of communications between Defendants, Media Matters and Dewey Square Group. Browning Decl. Ex. B, Responses 1-5, 7-14, and 16.

- July 5, 2024 – Defendant Jammi serves Responses and Objections to Rumble's First Set of Interrogatories identifying all individuals who wrote, contributed to or edited the October 24, 2023 article. *Id.* Ex. A, Response 1.

- July 25, 2024 – Rumble issues subpoenas to non-parties Media Matters and Dewey Square Group. Browning Decl. Exs. C, D.

- October 29, 2024 – Rumble withdraws its motion to extend its time to add parties to August 7, 2024 and files a renewed motion to permit amendment at any time until 60 days after Defendants certify completion of their document productions.

This timeline refutes Rumble's assertions of diligence. When it commenced this action on November 29, 2023, Rumble knew it needed to obtain discovery to identify John Does 1-10. Rumble was entitled to seek that discovery from March 12, 2024 onwards. On April 11, 2024, the Court put Rumble on notice that the deadline to add parties was June 7, 2024. And, despite this rapidly advancing deadline, Rumble waited

4

another seven weeks before serving its First Requests for Production on May 31, 2024.[3] Thus, despite having several months to begin the process of obtaining discovery, Rumble failed to serve a single request for production, interrogatory or subpoena that was even returnable *before* the June 7, 2024 deadline to add parties.[4]  And, despite knowing that Defendants, Media Matters and Dewey Square Group have asserted various privileges against compelled production of their communications (if any), Rumble has filed no motions to compel.  This is the opposite of the diligence required to justify an extension of the amendment deadline and Rumble's motion for an extension of time should be denied accordingly.

Rumble has also failed to satisfy the second and third *Sosa* factors because it has delayed seeking an amendment of the pleadings even after receiving the names of individuals who contributed to the October 23, 2023 article.  On July 5, 2024, Defendants served sworn interrogatory responses disclosing the names of every individual who researched, wrote or edited the October 23, 2023 article.  Browning Decl. Ex. A, Response 1.  That list included three current or former employees of Check My Ads.  In the more than four months that have passed since Rumble learned the identity of these individuals, Rumble has failed to seek leave to amend its pleadings

---

[3] Rumble claims that it was justified to wait until May 31, 2024 before serving discovery so that it had an opportunity to "amend[] its Complaint and … review Defendants' Initial Disclosures. Amendment Deadline Extension Motion, 2-3.

[4] Rumble's filing of consecutive motions to extend the deadline to add parties does not excuse its lack of diligence.  The Court's Case Management and Scheduling Order explicitly states that "[t]he filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or order." Dkt. 37, II.B.2.  And "[f]ailure to complete discovery within the time established by [the Case Management and Scheduling] Order shall not constitute cause for continuance." *Id*.

to add any one of them as a defendant to this action. Rumble's failure to do so underscores its lack of diligence, constitutes a waiver of any right it may have had to amend the complaint to sue these individuals and requires the denial of this motion seeking more time to add parties to this action.

## II. An Order Extending Rumble's Time to Add Defendants to this Action Would Prejudice Defendants

The Court should also deny Rumble's motion because the proposed extension would prejudice Defendants and waste judicial resources. As things stand, Rumble's Amended Complaint alleges that Defendants Atkin and Jammi, founders of Check My Ads, defamed Rumble by making five statements in the fall of 2023. Defendants have briefed two motions to dismiss Rumble's original and Amended Complaint. Dkts. 30-35, 44-47, 58-59, 63. Their pending Motion to Dismiss the Amended Complaint argues that the entire action should be dismissed, regardless of who authored the October 24, 2023 article, because (a) the statements at issue are not defamatory as a matter of law, (b) Rumble failed to plead the necessary element of special damages and (c) Rumble cannot establish actual malice. Dkt. 44. On November 7 and 8, 2024, the parties engaged in nearly four hours of oral argument, and the Court will soon issue a decision that could ultimately lead to dismissal of this entire action. Dkts. 77, 79.[5] Meanwhile, Defendants have expended significant

---

[5] The Court has already stated that it will dismiss Rumble's defamation by implication claim. And, while the Court has indicated that it is unlikely to grant dismissal with prejudice, it may still dismiss the Amended Complaint without prejudice and permit Defendants an opportunity to seek dismissal of Rumble's Second Amended Complaint with prejudice. *See* n. 9, *infra*.

resources to collect and review documents in response to Rumble's First Requests for Production.[6]  Discovery is currently due to close on February 4, 2025.  Dkt. 37.[7]

An extension of time permitting Rumble to add Dewey Square Group, Media Matters and/or their employees as defendants at this juncture would force Defendants to face an entirely different case to the one they have spent the last year litigating.  As the Amended Complaint makes clear, Rumble intends to transform its relatively narrow defamation claims into a sprawling conspiracy theory in which Defendants' Check My Ads Institute allegedly worked with two separate entities – Dewey Square Group and Media Matters – to drive Rumble out of business.  *See, e.g.*, Dkt. 42, ¶¶ 24-25, 60, 68.  Rumble's counsel confirmed at oral argument that she hoped to amend the pleadings to incorporate vague and unspecified allegations of "collusion."  There is no serious dispute that adding Media Matters and Dewey Square Group employees as defendants to this action sixty days after Defendants complete their document productions would essentially restart the case on a significantly more complex premise, vastly expand the scope of discovery and require unreasonable extensions of all case deadlines going forward.  Essentially, the proposed amendment would start

---

[6] Defendants are in the process of reviewing documents collected in response to Rumble's First Requests for Production and anticipate substantially completing their production no later than early December 2024.

[7] While Defendants oppose Rumble's request to revive its deadline to add parties, they would likely not oppose a reasonable extension of other deadlines tailored to the needs of the case in light of the Court's forthcoming decision on their Motion to Dismiss and Rumble's anticipated Second Amended Complaint.  *See, e.g.*, *Markle v. Markle*, 8:22-cv-00511-CEH-TGW (M.D. Fla.), Dkts. 61, 78, 111 (granting limited extensions of prospective case deadlines in libel case during pendency of motions to dismiss pleadings).

this lawsuit again from scratch. This burden weighs heavily against permitting Rumble more time to add parties to this action.[8]

It would also prejudice Defendants and waste judicial resources to permit Rumble to radically change course while Defendants' Motion to Dismiss is pending or even after it is decided. The pending Motion to Dismiss focuses on whether five discrete statements identified in the Amended Complaint are actionable. *See* Dkt. 44. If the Court determines that the statements are not capable of a defamatory meaning or that Rumble failed to plead statutory damages, the statements are not actionable as a matter of law and the Amended Complaint is due to be dismissed regardless of whether any other third-parties were involved in their publication. *See, e.g.*, *Markle v. Markle*, 2024 WL 1075339, at *13 (M.D. Fla. Mar. 12, 2024) (granting dismissal with prejudice because "all of the statements Plaintiff seeks to hold Defendant liable for are non-actionable under Florida law and the First Amendment"). If the statements in suit are non-actionable, Rumble's proposed amendment to sue Dewey Square Group and Media Matters as additional authors of the October 23, 2024 article would be futile. *Id*.

---

[8] *See, e.g.*, *Jasty v. Jasty*, 2021 WL 2808724, at *5 (M.D. Fla. Feb. 24, 2021) (holding that a request to amend pleadings approximately a month before close of discovery was unduly prejudicial where the amendment would require additional time for service, responses, and discovery); *Al-Saadi*, 2022 WL 2056802, at *5 ("Allowing a newly amended complaint would re-open the pleadings and require Defendants to raise new motions to dismiss, which would significantly tax the parties' and the Court's resources through the briefing and necessary rulings … and the parties would basically have to start all over again and the Court would likely need to reset all the deadlines in the case, including trial, yet again.").

Even if the Court dismisses the Amended Complaint without prejudice and permits Rumble one more chance to replead its claims, Defendants anticipate filing a third motion to dismiss on similar grounds that will seek dismissal with prejudice.[9] It would be manifestly unfair to deprive Defendants of their opportunity to dismiss this action once and for all by permitting Rumble to belatedly refashion the case by introducing Dewey Square Group and Media Matters as defendants – particularly since its deadline to name those parties as defendants passed almost six months ago. For the same reason, even if the Court denies Defendants' Motion to Dismiss in part, it would be unfair and highly prejudicial to leave the amendment deadline open for Rumble to add new parties until the late stages of discovery.

In sum, the Court should deny Rumble's Motion to extend the time permitted to add parties because the relief requested would prejudice Defendants and waste judicial resources. Moreover, if the Court grants Defendants' Motion to Dismiss the Amended Complaint without prejudice, Defendants respectfully request that Rumble be prohibited from adding new defendants to its Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Rumble's motion for an extension of its deadline to file motions to add parties or to amend its pleadings up to sixty (60) days after Defendants certify the completion of

---

[9] This was the procedure that the Court followed in ultimately dismissing the *Markle* defamation case with prejudice. *See Markle*, 2023 WL 2711341, *10 (dismissing defamation claims without prejudice); *Markle v. Markle*, 2024 WL 1075339, at *13 (M.D. Fla. Mar. 12, 2024) (dismissing subsequently amended defamation claims with prejudice).

9

their production in response to Rumble's First Requests for Production.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g)(2), Defendants hereby certify that the parties met and conferred via email in connection with this motion but were unable to resolve all or part of the motion.

| | |
|---|---|
| SHULLMAN FUGATE PLLC | DAVIS WRIGHT TREMAINE LLP |
| By: __/s/ Sarah Papadelias__ .<br>Deanna K. Shullman (SBN 514462)<br>Sarah M. Papadelias (SBN 0125098) | John M. Browning*<br>Katherine M. Bolger* |
| 2101 Vista Parkway, Ste. 4006<br>West Palm Beach, Florida 33411<br>Telephone: (561) 429-3619 | 1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 489-8230 |
| dshullman@shullmanfugate.com<br>spapadelias@shullmanfugate.com | jackbrowning@dwt.com<br>katebolger@dwt.com<br>*Admitted *Pro Hac Vice*<br><br>*Counsel for Defendants Nandini Jammi and Claire Atkin* |