## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RUMBLE INC.,

                Plaintiff,

       - against -

NANDINI JAMMI, CLAIRE ATKIN,
and JOHN DOE NOS. 1-10,

              Defendants.

**Case No. 8:23-cv-02718-CEH**

### DEFENDANT NANDINI JAMMI'S RESPONSES AND OBJECTIONS TO PLAINTIFF RUMBLE INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Nandini Jammi ("Jammi"), by and through her undersigned attorneys, hereby respond and object to the First Set of Interrogatories (the "Interrogatories" or, singularly, an "Interrogatory") of Plaintiff Rumble Inc. ("Rumble").

In responding to the Interrogatories, Jammi does not waive or intend to waive the attorney-client, work product, reporters' privilege or any other privilege or immunity that otherwise would entitle them to refuse to produce the information they provide or agree herein, or to object to the use of such information or documents for any purpose, nor does Jammi waive or intend to waive such privileges with respect to subsequent interrogatories or any other form of discovery. Nor, in so responding, do Defendants concede the admissibility, relevance, or materiality to this action of the information they provide or agree to provide.

Discovery remains in its early stages and Jammi reserves the right to correct, amend, modify, or supplement its responses and objections to these Requests at any time in the future, as warranted by the circumstances. Jammi has not yet completed her investigation of the facts relating to this action. Jammi's response to each interrogatory is based on information and documents currently available and obtained after a reasonable search. Therefore, responses provided herein are subject to change, and additional documents and information may be produced as Jammi acquires additional information and completes her review and analysis of information and documents obtained and to be obtained. To the extent Jammi obtains additional discoverable information or documents as a result of such investigation, she will comply with their obligations, if any, to supplement these responses. Therefore, the following answers are given without prejudice to Jammi's right to provide, at or before the time of trial, subsequently discovered evidence, or evidence relating to proof of facts later discovered to be material, including evidence produced at trial by Jammi or her witnesses. Defendant's answers must be construed as given on the basis of their present knowledge.

Jammi notes that an appropriate and mutually agreeable protective order has not yet been entered in this action and produces these responses on an ATTORNEY'S EYES ONLY basis until they can be given a final confidentiality designation pursuant to a binding protective order. Jammi further notes that Defendants have filed a motion to stay discovery, which is fully briefed and pending. *See* Dkts. 46-47, 51, 55. These

responses are expressly subject to the outcome of that motion and, if a stay is granted, Jammi will not produce documents unless and until it is lifted.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

Identify every Person involved with the Publications, including but not limited to every Person who participated in researching, drafting, editing, photo editing, fact-checking, or publishing the Publications.

### RESPONSE TO INTERROGATORY NO. 1

Jammi objects to the Interrogatory as vague and ambiguous as to the meaning of "every Person involved with the Publications" and will interpret this to mean "every person" employed by Check My Ads "who participated in the researching, drafting, editing, … fact-checking, or publishing the Publications." Jammi objects to the request for information about the "photo editing" of the Publications as irrelevant, and will not produce information in response to that portion of the request, because the Publications' artwork is not at issue in this action. Jammi further objects to the term "editing" as vague and ambiguous and will interpret this term to exclude copy editing, which is not at issue in this action. Jammi further objects to this Interrogatory because it calls for information newsgathering and/or confidential source that is protected by Fla. Stat. § 90.5015, Md. Cts. & Jud. Proc. Code Ann. § 9-112, N.Y. Civ. Rights Law § 79-h, the Maryland, Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other applicable statutory, constitutional, or common-law privilege that protects journalists from disclosing

3

unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources (collectively, the "Reporters' Shield Laws").

Subject to these objections, Jammi responds as follows. Jammi was the author and publisher of Jammi's August 16, 2023 Post, Jammi's September 26, 2023 Post, Jammi's October 3, 2023 Post (collectively, the "Jammi Posts").[1]

Atkin was the author and publisher of Atkin's September 26, 2023 Post.

The October 24, 2023 Article was published by Check My Ads Institute and written by its reporter Rachel Gilmore. The October 24, 2023 Article was edited by Brandon Hardin. Alec D'Angelo contributed research for the October 24, 2023 Article.

**INTERROGATORY NO. 2**

For each Person Identified in response to Interrogatory No. 1, Identify which publication(s) they were involved with and describe their role (e.g., researching, writing, editing, publishing, etc.).

**RESPONSE TO INTERROGATORY NO. 2**

Jammi incorporates by reference her response and objections to Interrogatory No. 1 as her response and objections to this Interrogatory No. 2.

---

[1] Unless otherwise stated, the defined terms Jammi's August 16, 2023 Post, Atkin's September 26, 2023 Post, Jammi's September 26, 2023 Post, Jammi's October 3, 2023 Post and October 24, 2023 Article (collectively, the "Statements in Suit") shall have the same meaning as ascribed to them in the Definitions provided by Rumble. *See* Plaintiff Rumble's First Set of Interrogatories to Defendant Nandini Jammi, ¶¶ 18-23.