UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUMBLE INC.,

        Plaintiff,

  v.

NANDINI JAMMI, CLAIRE ATKIN, and
JOHN DOE NOS. 1–10,

        Defendants.

Case No. 8:23-cv-02718-CEH-LSG

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), Plaintiff Rumble Inc. and Defendants Nandini Jammi and Claire Atkin jointly request an extension of all remaining deadlines set forth in the Court's Case Management and Scheduling Order such that the new deadlines would be as follows:

| Event | Current Deadline | Requested New Deadline |
|---|---|---|
| Disclosure of expert reports | Plaintiff: Dec. 20, 2024<br>Defendants: Dec. 20, 2024<br>Rebuttal: Jan. 10, 2025 | Plaintiff: June 20, 2025<br>Defendants: June 20, 2025<br>Rebuttal: July 10, 2025 |
| Discovery Deadline | Feb. 4, 2025 | Aug. 4, 2025 |
| Dispositive, Daubert, and Markman Motions | Mar. 4, 2025 | Sept. 4, 2025 |
| Meeting in Person to Prepare Joint Final Pretrial Statement | June 6, 2025 | Dec. 8, 2025 |
| Joint Final Pretrial Statement | June 17, 2025 | Dec. 17, 2025 |

| Event | Current Deadline | Requested New Deadline |
|---|---|---|
| All other motions including motions in limine | June 17, 2025 | Dec. 17, 2025 |
| Final Pretrial Conference | July 15, 2025 | Jan. 29, 2026 |
| Trial Briefs and Deposition Designations | July 8, 2025 | Jan. 22, 2026 |
| Trial Term Begins | Aug. 4, 2025 | Feb. 18, 2026 |

## MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), the Court may, "for good cause," extend deadlines and modify a scheduling order. Good cause exists where the current schedule cannot "reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment; *see also, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Zurich Am. Ins. Co. v. S. Owners Ins. Co.*, 2016 WL 11707449, at *3 (M.D. Fla. Aug. 25, 2016) (granting joint request to extend discovery, mediation, and dispositive-motion deadlines where dispositive motions were pending and parties needed to conduct more discovery); 1st Am. Case Mgmt. & Scheduling Order, *Markle v. Markle*, 22-cv-511, ECF No. 61 (M.D. Fla. May 18, 2023) (granting joint motion for 90-day extension to scheduling order given pendency of motion to dismiss); 2d Am. Case Mgmt. & Scheduling Order, *Markle v. Markle*, 22-cv-511, ECF No. 78 (M.D. Fla. May 18, 2023) (granting joint motion

2

for additional 180-day extension to scheduling order given pendency of motion to dismiss).

Here, all parties agree that the existing schedule cannot be met despite the exercise of reasonable diligence – particularly because the parties are uncertain about what effect the Court's forthcoming order on Defendants' pending motion to dismiss will have on the scope and timeframe of this action. Moreover, because the parties are jointly seeking this extension, no party would be prejudiced. *See United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994) ("There is a presumption that a pretrial order will be amended . . . provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court."). The parties are not seeking this extension in bad faith or for purposes of delay, and none of the deadlines the parties are asking the Court to extend have passed. *See Utilities Mktg. Grp., LLC v. Warrick*, 2016 WL 3189155, at *1 (M.D. Fla. June 8, 2016).

Rumble filed its original Complaint asserting claims for defamation and defamation by implication on November 29, 2023. (ECF No. 1.) Defendants filed a Motion to Dismiss on April 5, 2024. (ECF No. 30.) A few days later, on April 11, 2024, the Court issued a Case Management and Scheduling Order. (ECF No. 37.)

After reviewing Defendants' Motion to Dismiss, Rumble amended its Complaint pursuant to Fed. R. Civ. P. 15(a)(1). Rumble filed its Amended Complaint on April 26, 2024. (ECF No. 42.) On May 10, 2024, Defendants filed a

second Motion to Dismiss the Amended Complaint (ECF No. 44), which remains pending before the Court.  Briefing on the motion was completed on July 12, 2024, and oral argument was held on November 7 and 8, 2024.  (ECF Nos. 77, 79.)

During oral argument, the Court indicated that if it dismisses any of Rumble's claims, it will most likely give Rumble an opportunity to amend its complaint with the benefit of the Court's guidance.  Since the Court's forthcoming order may frame the issues of the case in a way that materially affects the scope of discovery, the parties agree that additional time is needed to respond to that decision and conduct discovery accordingly.  The parties also anticipate that, if the Court grants Defendants' Motion to Dismiss, it will likely do so without prejudice and Rumble may file a Second Amended Complaint, in which case there is likely to be another round of motion to dismiss briefing.  This additional round of briefing would almost certainly overrun the current fact discovery deadlines, requiring a modification of the existing Case Management and Scheduling Order.  The parties would also require additional time to conduct discovery in response to the Court's order deciding this potential Motion to Dismiss the Second Amended Complaint.

Beyond this good cause for an extension, the parties have been diligent in conducting written discovery and have not unreasonably delayed.  Specifically, Rumble served document requests and interrogatories on Defendants, and Defendants responded.  And Defendants served document requests on Rumble, and

Rumble responded. After several meet and confer calls, the parties intend to start producing documents imminently. The parties also require additional time to resolve certain disputes, having identified threshold issues concerning the scope of document productions and applicable privileges, about which the parties are unable to agree that will require Court intervention to resolve. While the parties intend to file motions to compel as soon as possible, they agree that additional time is necessary to ensure that there is enough time to conduct discovery in the event that any of the motions are granted.

In addition, Rumble served document subpoenas on non-parties Media Matters for America and Dewey Square Group pursuant to Federal Rule of Civil Procedure 45. Media Matters and Dewey Square refused to produce documents responsive to Rumble's subpoenas. Thus, Rumble must seek intervention from a different court to enforce those subpoenas.

Given the possibility of another round of motion to dismiss briefing and the need to resolve certain threshold discovery issues that require intervention by multiple courts, the parties jointly request the Court modify the Case Management and Scheduling Order and extend all remaining deadlines as listed above. The parties believe that the requested extensions will allow adequate time to resolve these issues and prevent the parties from having to petition the Court for multiple extensions. In addition, the requested extension is less than the approximately nine-

month extension that the Court cumulatively granted the parties in *Markle v. Markle*, which is another defamation case where the parties jointly sought additional time in the midst of briefing consecutive motions to dismiss. *See* 1, *infra*.

## **LOCAL RULE 3.01(G) CERTIFICATION**

Counsel for Rumble and counsel for Defendants conferred over the phone on Friday, November 22, 2024, and this request to modify the Case Management and Scheduling Order is made jointly on behalf of all parties.

Dated: November 27, 2024

Respectfully submitted,

s/ *Jered T. Ede*
Jered T. Ede
(Florida Bar No. 1045898)
Elizabeth M. Locke
(admitted *pro hac vice*)
Nicholas J. Brechbill
(admitted *pro hac vice*)
CLARE LOCKE LLP
10 Prince Street
Alexandria, Virginia 22314
Telephone: (202) 628-7400
jered@clarelocke.com
libby@clarelocke.com
nick@clarelocke.com

*Attorneys for Plaintiff Rumble Inc.*

s/ *John M. Browning*
John M. Browning
(*admitted pro hac vice*)
Katherine Bolger
(*admitted pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
New York, New York 11225
Telephone: (212) 603 6410
jackbrowning@dwt.com
katebolger@dwt.com

Deanna K. Shullman
(Florida Bar No. 514462)
Sarah M. Papadelias
(Florida Bar No. 0125098)
SHULLMAN FUGATE PLLC
2101 Vista Parkway, Ste. 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com
spapadelias@shullmanfugate.com

*Attorneys for Defendants Nandini Jammi & Claire Atkin*