UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

CASE NO: 8:23-CV-2718

RUMBLE, INC.,                              )
                                           )
            Plaintiff,                     )
                                           )
    vs.                                    )
                                           )
NANDINI JAMMI, CLAIRE ATKIN,               )
and JOHN DOE NOS. 1-10,                    )
                                           )
            Defendants.                    )
                                           )

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO SEAL**

Pursuant to Local Rule 1.11(c), Defendants Claire Atkin and Nandini Jammi submit this memorandum in support of Plaintiff's Motion to Seal (Dkt. 102). Specifically, Defendants support maintaining the partial sealing of sensitive information in Exhibits F, I, and J, and the sealing of Exhibit A, to the Declaration of N. Brechbill in Support of Plaintiff's Time-Sensitive Motion for Additional Discovery Pursuant to Rule 56(d) (Dkt. 101-1).[1]

While there is a common law right of access to judicial records, that presumption "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information

---

[1] Defendants have no opposition to de-designating Exhibits D and N. Defendants take no position on the sealing of Exhibits K and P, as they were designated confidential by nonparty Dewey Square Group.

1

confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations omitted). In balancing the public and private interests, courts consider many factors, including the degree and of and likelihood of injury if made public and the availability of a less onerous alternative to sealing the documents. *Id.* at 1246. Good cause is established by demonstrating that a disclosure "will cause a clearly defined and serious injury." *Nguyen v. Raymond James & Assocs., Inc.*, No. 8:21-cv-736-KKM-JSS, 2022 WL 61198 at *4 (M.D. Fla. Jan. 6, 2022).

In its Motion to Seal, Plaintiff stated that its Time-Sensitive Motion for Additional Discovery Pursuant to Rule 56(d) and certain exhibits to the Brechbill Declaration in support of its Motion contain information that Defendants and nonparty Dewey Square Group have designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the parties' Joint Confidentiality Agreement. Dkt. 102 at 2.

Specifically, Plaintiff includes Exhibits F, I, and J in its filings, which are correspondence between counsel in this matter regarding various discovery topics. The contact information of counsel and witnesses, including addresses and cell phone numbers, in these exhibits are irrelevant to Plaintiff's arguments and should remain redacted as personally identifying information and due to fear of harassment as discussed in prior briefings. *See* Dkts. 95, 105.These fears are not hypothetical given the evidence of Plaintiff's supporters engaging in online harassment of Defendants. *See* Dkts. 46-47. The redaction of contact information is the least restrictive means available to preserve legitimate privacy interests – particularly given the threat of

harassment described herein. Defendants therefore seek to maintain only this contact information under seal indefinitely until the Court or Defendants determine that this information no longer requires confidential treatment.[2]

For the same reasons, Defendants also support maintaining Exhibit A under seal, which includes a text message exchange that was produced to Rumble by nonparty Dewey Square Group with production number DSG 0001-0010. Exhibit A also contains unpublished newsgathering materials subject to the reporter's privilege. *See U.S. v. Fountain View Apartments, Inc.*, No. 6:08–cv–891–Orl–35DAB, 2009 WL 1905046 at *2 (M.D. Fla. July 1, 2009) (stating generally that reporters have a First Amendment privilege protecting their refusal to disclose confidential sources). The individuals exchanging the messages in Exhibit A would be subject to harassment if the messages became publicly available as discussed above. Indeed, Rumble has issued its own press release linking this lawsuit to a wider campaign to silence anyone involved with critical reporting about social media networks. Dkt. 46 at 2-6, 9; Dkt. 47, Ex. N. Defendants therefore seek to maintain Exhibit A under seal indefinitely or until the Court, Defendants, or nonparty Dewey Square Group determine that this information no longer requires confidential treatment.

For the foregoing reasons, Defendants respectfully request that the Court grant Plaintiff's Motion to Seal (Dkt. 102), as to the limited portions of Exhibits F, I, and J redacted by Defendants, and the entirety of Exhibit A, indefinitely until the Court or

---

[2] Defendants have provided Rumble with redacted copies of these Exhibits that can be filed on the public docket in lieu of slipsheets.

3

Defendants determine that this information no longer requires confidential treatment.

Dated: March 24, 2025

                                               Respectfully submitted,

SHULLMAN FUGATE PLLC

By: **/s/ *Sarah M. Papadelias***
Deanna K. Shullman (FBN 514462)
2101 Vista Parkway, Ste. 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com

Sarah M. Papadelias (FBN 0125098)
100 S. Ashley Dr., Ste. 600
Tampa, Florida 33602
Telephone: (813) 435-1615
spapadelias@shullmanfugate.com


DAVIS WRIGHT TREMAINE LLP

John M. Browning*
Katherine M. Bolger*
1251 Avenue of the Americas
New York, New York 1002
Telephone: (212) 489-8230
katebolger@dwt.com
jackbrowning@dwt.com
* Admitted *Pro Hac Vice*
*Counsel for Defendants*

4