# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

RUMBLE, INC.,

     Plaintiff,

v.

NANDINI JAMMI, CLAIRE ATKIN,
AND JOHN DOE NOS. 1-10,

     Defendants.

**DEFENDANTS' OPPOSITION TO
RUMBLE'S RULE 56(D) MOTION
FOR ADDITIONAL DISCOVERY,
TO STRIKE NOTICE OF
WITHDRAWAL AND TO SET
CASE MANAGEMENT
CONFERENCE**

Case No. 8:23-CV-02718-CEH

The Court should not permit Rumble, Inc. ("Rumble") to void or unnecessarily delay the meritorious summary judgment motion filed by defendants Atkin and Jammi ("Defendants"). In this Motion, Rumble primarily seeks two forms of relief: (1) leave to take additional discovery relating to actual malice under Rule 56(d) and (2) a blanket six-month extension fact discovery and other case deadlines.[1] Rumble is not entitled to this broad relief for the reasons set forth below. But, as a threshold matter, Rumble's Motion does not seek leave to take additional evidence relating to four of the five dispositive grounds addressed in Defendants' Summary Judgment Motion – *i.e.*, defamatory meaning, actual damages, substantial truth and opinion. The record is therefore ripe for summary judgment on those issues. (*See* POINT I, *infra*.)

On the 56(d) portion of its Motion, Rumble seeks leave to take three categories of discovery relating exclusively to actual malice. Dkt. 101 ("Mot."), 16-22. *First*,

---

[1] Rumble also requested a case management conference, which the Court granted and scheduled for Friday March 28, 2025. *See* Dkt. 107. And Rumble argues, in a footnote, that it is entitled to attorneys' fees – which is a frivolous request that should be rejected out of hand. *See* n. 18, *infra*.

Rumble seeks to depose Defendants and one third-party witness. This request is moot. Defendants do not object to these depositions. Nor do they object to modifying the Court's existing order adjourning the summary judgment briefing schedule (Dkt. 103) so that Rumble can incorporate this evidence into their opposition papers. (POINT II.A, *infra*.) *Second*, Rumble seeks more time to challenge Defendants' assertion of journalistic privilege over communications with Media Matters of America ("Media Matters") and the Dewey Square Group ("Dewey Square"). This aspect of Rumble's Motion should be denied because Rumble knew about this evidence from the beginning of the case but failed to pursue it diligently.[2] (POINT II.B, *infra*.) *Finally*, Rumble has not established grounds for additional discovery relating to third-party D'Angelo's inadvertently lost work email account. (POINT II.C, *infra*.)

*Next*, Rumble asks for a blanket six-month extension of case deadlines so that it can reopen unlimited discovery, amend its pleadings to incorporate new claims and introduce John Doe defendants into this action. *Id*. 22-24. The crux of Rumble's argument here is that good cause existed for an extension of fact discovery deadlines when the parties filed a Joint Motion to Extend Case Deadlines in November 2024. But the Court specifically warned the parties against making the assumption that this relief would be granted. Rumble also declined Defendants' invitation to seek

---

[2] Rumble claims that it had no way of obtaining this evidence without a privilege log but this is simply not true. Rumble has known about the evidence it seeks since at least July 1, 2025 and yet passed up multiple opportunities to press the issue – including filing motions to compel based on Defendants' responses to requests for production, interrogatory responses and assertions of privilege at depositions or by seeking the discovery from Media Matters and Dewey Square directly. *See* 8-9, *infra*.

clarification on the status of the Joint Motion a week before fact discovery ended. While Rumble unreasonably deferred its discovery, Defendants expended their limited resources on creating a viable summary judgment record and filing a meritorious Motion for Summary Judgment – which is why Defendants submitted a Notice stating their position that the six-month extension of discovery deadlines was no longer necessary.[3]  Reopening discovery at this late stage and forcing the parties to start again from the beginning would punish Defendants for their diligence while rewarding Rumble for its neglect.  (POINT III, *infra*.)

In sum, Defendants do not object to a scheduling order that provides a short adjournment of the summary judgment briefing schedule so that Rumble can depose Defendants and Wiley.  Rumble's Motion should be denied in every other respect.

## FACTUAL BACKGROUND

This action is governed by the April 11, 2024 Case Management and Scheduling Order, which set February 4, 2025 and March 4, 2025 as the respective deadlines for discovery and summary judgment motions.  *See* Dkt. 37.  On November 8, 2024, at oral argument for Defendants' Motion to Dismiss, the Court provided clear instructions that it would not tolerate "attorneys arguing that, well, we didn't take discovery because the Court hadn't ruled on the motion to dismiss.  Well, you do so at your own peril when you do that."  Declaration of John M. Browning dated March 24, 2025 ("Browning Decl.") Ex. A Tr. 16:5-24.  The Court also warned Rumble that

---

[3] Defendants filed a Notice Withdrawing their Motion to Dismiss for similar reasons.  *See* 11, *infra*.

"in federal court we don't allow fictitious pleadings" and that Rumble bore the burden of rectifying this defect immediately.  Ex. *Id.*, Tr. 61:15-65:1.

### A.    Defendants Conducted Discovery in Good Faith

Contrary to Rumble's one-sided and unfair narrative, Defendants have engaged in discovery in good faith.  Defendants served their interrogatory responses on July 5, 2025) and, by August 2024, had reached an agreement with Rumble on the scope of documents it would produce pursuant to Rumble's document requests.   Browning Decl. Exs. A-F.  Defendants produced 1,745 pages of documents on January 10, 2025 followed by productions on February 3, February 17 and March 14, 2025 – altogether totaling 3,106 pages of documents that include drafts of October 24, 2023 article and non-privileged communications concerning Rumble's economic reliance on Google. Browning Decl. ¶19.  In response to requests for communications with Dewey Square and Media Matters, Defendants have maintained that they "will not produce documents unrelated to the Statements in Suit responsive to this Request because such documents are irrelevant and privileged against compelled production by the Reporter's Shield Laws."  *See* Browning Decl. Ex. B, RFP 5.  *See also* Ex. C, ROGs 1-2; Ex. D, RFP 5; Ex. F, 1-2 (restating privilege objections).[4]

Defendants have also facilitated discovery into four third-party employees of Check My Ads, who were subpoenaed by Rumble.  Three of those witnesses – Rachel

---

[4] Defendants have produced no communications with Media Matters or Dewey Square concerning the October 23, 2024 article because no such documents exist.  Furthermore, Jammi stated in her Interrogatory responses that she was not aware of any communications with Dewey Square or Media Matters relating to Rumble.  Ex. E, ROGs 4-5.

Gilmore, Alec D'Angelo, and Brandon Hardin – have been deposed already and the fourth (Sarah Kaye Wiley) will be deposed on March 28, 2025.  Id. Ex. J, 1-2.  These witnesses have consistently asserted the reporters' privilege and other First Amendment privileges as grounds for not answering questions about unpublished newsgathering materials unrelated to the October 24, 2023 Check My Ads article in suit.[5]  *Id.* Ex. G, Tr. 37:24-38:4 ("asserting reporter's privilege over unpublished newsgathering materials and confidential information in [articles] other [than the October 24, 2023 article]"); Ex. H, Tr. 28:19-29-12 (same); Ex. I, Tr. 29:6-18 (same).

Defendants acknowledge that Rumble has not deposed Jammi or Atkin yet due to scheduling issues, but Defendants have never objected to allowing Rumble to take those depositions.  Accordingly, Atkin's deposition is scheduled for April 11, 2025 and Defendants are waiting for Rumble to propose similarly imminent dates for Jammi.  *Id.* Ex. J, 2.

In its 56(d) Motion, Rumble claims that Defendants engaged in gamesmanship, but Rumble's characterization of Defendants' conduct is unfair and inaccurate.  Rumble suggests, for instance, that Defendants strategically waited until after the February 4, 2025 deadline had passed to amend Jammi's interrogatory responses to indicate that she, Atkin and Wiley had reviewed the October 23, 2024 article prior to

---

[5] Gilmore, D'Angelo and Hardin were permitted to testify about whether Dewey Square or Media Matters contributed to the October 24, 2023 article.  They uniformly testified that those entities played no role whatsoever in the publication of that article.  *See* Browning Decl. Ex. H, Tr. 169:16-20 (Q: Was Media Matters involved in the October 24, 2023 article?... A: No"); 167:13-16 (Q: Did you ever work with anyone from Dewey Square Group on any published articles? A: No."); Ex. I, Tr: 141:11-13, 139:20-22 (same); Ex. G, Tr. 120:15-22, 133:19-22 (same).

publication. Mot. 11. But Rumble ignores the innocuous explanation. As Defendants explained in emails, Defendants discovered previously unknown communications while preparing a third-party witness on Thursday February 13, 2025 that refreshed their recollection that they had edited the article in question. *See* Browning Decl. Ex. K, 6.[6] Defendants produced those documents on Monday February 17, 2025 and informed Rumble that they would promptly amend Jammi's interrogatory responses – as they did on February 26, 2025. *Id*. Ex. E. In any event, Rumble suffered no prejudice because it still has the opportunity to depose Defendants.

Rumble similarly criticizes Defendants for failing to disclose Wiley's role in the October 23, 2024 article in Jammi's interrogatories, but Defendants had previously produced documents on January 10, 2025 indicating that Wiley may have made an "edit" to the article and Rumble questioned third-party witnesses about Wiley's involvement in third-party depositions that took place before the February 26, 2025 amendment. Browning Decl. Ex. L; Ex. G, Tr. 114:24-115:8 (questioning Gilmore about Wiley in February 4, 2025 deposition). Once again, Rumble has suffered no prejudice because it will be able to question Wiley at her deposition.

Next, Rumble faults Defendants for disclosing that third-party D'Angelo's work email account had been inadvertently deleted. Mot., 14. Defendants did not conceal this fact but rather notified Rumble after ascertaining that the account was not

---

[6] Defendants reviewed the near-final version of the article, mostly to conform to house style, and did not initially recall performing this function since their roles are primarily managerial and drafting and editing was assigned to Check My Ads editorial team.

recoverable.  Browning Decl., Ex. K.[7]  Rumble also fails to note that D'Angelo's
communications via other media – including messaging apps and the platform used to
draft the article in suit – were preserved and produced.  Defendants also produced
relevant emails to or from D'Angelo to the extent that they were in the possession of
other custodians, including third-party Zach Edwards.  *See* DEFENDANTS003081.
Defendants are not aware of any relevant emails that were not recovered and
produced.  Rumble has not taken any steps to follow up on this issue since Defendants
made its disclosure more than a month ago on February 17, 2025.

Finally, Rumble faults Defendants for failing to produce a privilege log listing
communications with Media Matters and Dewey Square that Defendants claim to be
subject to the reporters' privilege and other First Amendment protections.  Mot. 14.
Defendants acknowledge that they were unable to produce a privilege log as soon as
they had hoped due to the congestion caused by the parties' efforts to complete
discovery and summary judgment before the March 4, 2025 deadline and the need to
respond to this emergency Rule 56(d) Motion.  But Defendants anticipate that they
will produce a privilege log in advance of the March 28, 2025 case management
hearing.  And, for the reasons set forth below, Rumble suffered no meaningful
prejudice because Rumble has passed up multiple alternative options for obtaining
these communications.

---

[7] Defendants acknowledge that they discovered that the account had not been preserved prior to
D'Angelo's depositions but notified Rumble after good faith efforts to resurrect the account in its
entirety had failed.

## B.    Rumble Has Not Been Diligent in Discovery

It is ironic for Rumble to criticize Defendants given their own cavalier approach to discovery.  Rumble has produced a grand total of 149 documents in this action – more than a third of which are Rumble's public SEC filings or copies of Defendants' publications – and no privilege log.  Browning Decl. ¶20.  Rumble made its first production on January 31, 2025 – despite multiple promises to produce documents earlier – and withheld its second until four days after Defendants deposed its 30(b)(6) witness.  Although Rumble had indicated that these documents would be produced before the deposition (*see, e.g.*, *id*. Ex. K, 5), Rumble responded to inquiries from Defendants by saying that they had been held up by an unspecified technical issue. ¶¶20-21.

Rumble has also demonstrated a lack of diligence in pursuing communications with Media Matters and Dewey Square Group despite knowing that it would need this evidence from the outset of the litigation.  Indeed, Rumble indicated that these entities are John Does, who "were directly involved in writing, editing and publishing the defamatory October 24, 2023 article."  Dkt. 42, ¶60.  *See also id*. at ¶45.  Rumble has also known since at least July 2024 that Defendants would assert the reporters' privilege and other First Amendment rights against the compelled disclosure of communications with Media Matters and Dewey Square unrelated to the statements in suit.  *See* 5-6, *supra*.  Accordingly, Rumble has filed consecutive motions seeking to extend the deadline to add parties that passed on June 7, 2024 so that it could engage

in the discovery needed to obtain this evidence.  Dkts. 52, 74.  Those motions, which Defendants opposed (Dkts. 57, 80), were never granted.

Rumble also served subpoenas on Dewey Square and Media Matters on July 26, 2024 and September 9, 2024, respectively (Browning Decl. Exs. M, N), but failed to diligently pursue this alternate means of obtaining the documents it seeks.  At the November 8, 2024 hearing, Rumble's counsel indicated that it would pursue litigation to enforce the subpoenas, but never did.  Browning Decl. Ex. A. Tr. 64:4-22.  Instead, Rumble waited until January 23, 2025 to follow up on Dewey Square's August 9, 2024 response to the subpoena.  *Id.* Ex. O, 8-9.  Rumble then allowed weeks to pass until counsel for Dewey Square proposed a meet and confer on February 11, 2025.  *Id.* at 7. That call did not take place until February 24, 2025 and then another two weeks went by until documents were produced on March 4, 2025.  *Id.* at 2-5; Mot. 20.  Rumble provides no indication in its Rule 56(d) Motion that it has done anything to follow up on the Media Matters subpoena.  Mot. 13.

### C.    Defendants File their Motion for Summary Judgment and Notices Withdrawing their Consent to the Joint Motion to Extend Case Deadlines and Motion to Dismiss

Defendants took the discovery they needed, including the 30(b)(6) deposition of Rumble, and duly filed their Motion for Summary Judgment on the March 4, 2025 dispositive motion deadline.  Dkt. 90.  Defendants also filed a Notice of Withdrawal of Consent Regarding the Joint Motion to Modify the Scheduling Order.  Dkt. 86. That Notice sets forth Defendants' position that good cause no longer exists for a blanket six-month extension of case deadlines.  *Id.*  Defendants explained that it would

be "unfair and prejudicial" to restart the discovery process given that Defendants had

expended their limited resources on completing discovery within the applicable

schedule and filed a dispositive motion that requires a final judgment in Defendants'

favor because Rumble lacked evidence to support multiple elements of its claim.  *Id.*

at 2.  Moreover, Defendants noted that Rumble had not undertaken its own discovery

with diligence.  *Id.* at 2-3.  The Joint Motion remains pending.

Rumble also neglects to mention that Defendants sought clarity on the Joint

Motion before the February 4, 2025 discovery deadline.  Defendants sent Rumble the

following proposal on January 26, 2025:

> In the hopes of prompting the Court to act on our joint motion to extend the
> time for discovery, we propose submitting a stipulation between the parties
> setting forth a contingency deposition schedule that will apply only if the Court
> does not grant the parties an extension of the fact discovery deadline.  We can
> make clear that the parties intend to reschedule depositions in the event that
> the Court grants our motion, with a clear hint that more time for discovery is
> necessary given where the case stands.  The submission will hopefully signal to
> the Court that we are taking discovery seriously and, just in case the Court is
> unwilling to give us more time, it will formalize our arrangements for taking
> depositions after the current discovery deadline passes – which is inevitable at
> this point anyway.

Browning Decl. Ex. P, 6.  Rumble declined this offer, noting that "[w]e do not believe

that it is necessary or appropriate to file a stipulation with the Court.  Our joint motion

remains pending, and Judge Honeywell made clear during the motion to dismiss

hearing that we should proceed with discovery."  *Id.* at 4. Given this response, and

mindful of the Court's explicit warnings that the parties should not count on extensions

of the case schedule, Defendants focused on completing document discovery and

depositions so that the case was ripe for summary judgment before the March 4, 2025

deadline.  Defendants' Notice of Withdrawal is consistent with these good faith efforts to comply with the existing schedule.  By contrast, Rumble simply assumed that the extensions would be granted and filed its own provisional summary judgment motion "out of an abundance of caution."  Mot. 4.

Defendants also filed a Notice of Withdrawal of their Motion to Dismiss.  Dkt. 100.  This Notice also reflects Defendants' good faith efforts to streamline this action.  Defendants were mindful that a decision granting their Motion to Dismiss with leave to amend would effectively require discovery to restart from the beginning – especially since Rumble intends to add new defendants.  In an effort to mitigate this foreseeable prejudice, Defendants withdrew their 12(b)(6) arguments and renewed them on Summary Judgment.  *Id.*; Dkt. 90, n.1.  Contrary to Rumble's contention that work done on at the 12(b)(6) stage was "wasted," Defendants' proposal allows the Court to address the Motion to Dismiss arguments at the summary judgment stage – and even incorporate portions of a draft decision that was already in progress.  Rumble has suffered no prejudice because the Motion to Dismiss has not been denied for mootness and the Court retains discretion to dispose of it however it sees fit.

### D.    Rumble's 56(d) Motion

On March 10, 2025, Rumble filed this Rule 56(d) Motion seeking additional discovery relating to actual malice – specifically leave to take three depositions and more time to compel privileged communications between Defendants, Media Matters and/or Dewey Square Group.  Mot., 17-21.  Rumble's Motion does not seek any additional discovery relating to the other four grounds raised in Defendants Motion

for Summary Judgment – *i.e.*, defamatory meaning, actual damages, substantial truth and opinion.  Rumble also seeks a six-month extension of case deadlines so that it can engage in unlimited discovery and amend its complaint to name its fictitious defendants.  *Id*. at 24.  For the reasons set forth below, Defendants do not oppose a brief extension of the summary judgment briefing schedule to allow the depositions of Defendants and Wiley.  But Rumble's Motion should be denied in all other requests.

## ARGUMENT

### I.    THIS ACTION IS RIPE FOR SUMMARY JUDGMENT ON ALL GROUNDS EXCEPT FOR ACTUAL MALICE

Rumble's Motion does not identify any additional evidence it needs to address Defendants' summary judgment arguments on defamatory meaning, actual damages, substantial truth or opinion grounds.  This is unsurprising since evidence of damages – *e.g.*, communications from advertisers dropping Rumble due to the statements in suit – is in Rumble's possession.  Similarly, on substantial truth, Rumble is the keeper of the evidence needed to establish whether or not it was materially reliant on Google.  On defamatory meaning and opinion, the primary evidence is the statements in suit themselves.  Since the summary judgment record on these grounds is firmly established, summary judgment on these dispositive arguments should proceed and Rumble should be prohibited from taking additional discovery on these issues.

### II.    THE COURT SHOULD DENY RUMBLE'S RULE 56(D) MOTION

Rule 56(d) does not permit Rumble to thwart Defendants' meritorious Motion for Summary Judgment simply because it wants to keep fishing for evidence to

substantiate its defamation claims.  A party seeking relief under Rule 56(d) must "set[] forth with particularity the facts [it] expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).  "[A] party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery." *Cordero v. Readiness Mgmt. Support, L.C.*, 2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012).  Here, Rumble has failed to justify anything more than a short adjournment of the summary judgment briefing schedule to allow the completion of three depositions.[8]

## A.  Rumble's Request for More Time to Take Depositions is Moot

Rumble's demands for the depositions of Defendants and Wiley were effectively mooted by the Court's order adjourning summary judgment briefing deadlines until two weeks after this Motion is decided.  Dkt. 103.  Defendants do not object to a reasonable adjournment of case deadlines to facilitate this limited discovery before opposition briefs are due.  The parties scheduled Wiley's deposition on March 28, 2025, Atkin's on April 11, 2025 and expect to schedule Jammi on a date within that

---

[8] Several of Rumble's cases are distinguishable for the simple reason that, unlike here, the party moving for summary judgment filed premature motions before the discovery period had ended.  *See Lamberth v. Advanced Mktg. & Processing, Inc.*, 2023 WL 3584520, at *2 (M.D. Fla. May 22, 2023); *U.S. v. Real Prop. & Improvements*, 2014 WL 3941156 (N.D. Cal. Aug. 11, 2014); *Breakwater Commons Assoc., Inc. v. Empire Indemnity Ins. Co.*, 2021 WL 1216535, at *1 (M.D. Fla. Mar. 31, 2021).  Another distinguishable case permitted additional discovery when "Plaintiff [did] not have an opportunity to conduct any discovery" due to a discovery stay.  *Est. of Todashev by Shibly v. United States*, 815 F. App'x 446, 452 (11th Cir. 2020).

time period.  Defendants therefore do not object to extending the deadline for the parties' opposition briefs to April 25, 2025 – which would be a one-month extension of the prior deadline – and equivalent one-month adjournments of the trial deadlines.[9]

### B.    Rumble's Request for Leave to Move to Compel Communications with Media Matters and Dewey Square Should Be Denied

Rumble's request for more time to file a motion to compel production of privileged communications with Media Matters and Dewey Square should be denied for lack of diligence.  In the actual malice context, the Eleventh Circuit has denied "last-minute extension[s] of the discovery deadline" when the defamation plaintiff did "not bother to take even the first step in securing" the evidence until months after it became aware it would need to do so.  *Berisha v. Lawson*, 973 F.3d 1304, 1321 (11th Cir. 2020) (rejecting argument that "summary judgment was premature" because plaintiff requested additional discovery to prove actual malice).  The same rationale prohibits Rumble's efforts to forestall summary judgment here.

Rumble was aware of "the nature of the documents" at issue since at least July 2024.  Fed. R. Civ. P. 26(b)(5).[10]  In response to document demands specifically seeking communications with Media Matters and Dewey Square concerning Rumble, Defendants asserted the reporter's privilege and other First Amendment rights.  5-6,

---

[9] This proposed summary judgment briefing schedule deadline would give the parties time to consider opposition briefs before the mediation set for April 30, 2025.

[10] Accordingly, this is not a case where Defendants' privilege log will surprise Rumble by revealing the existence of previously unknown documents. Rumble's cases on this point are easily distinguishable on this point because the belated privilege logs in those cases revealed the existence of evidence that was previously unknown.  *See, e.g.*, *Crowe v. Trusgard Inc. Co.*, 2013 WL 12291014, at *1 (E.D.KY Jun, 6, 2013).

*supra*.[11]  In response to interrogatories asking Atkin to disclose her communications with Media Matters and Dewey Square concerning Rumble, Atkin asserted the same privileges.  *Id*. Ex. C, ROGs 1-2.  The same privileges were asserted at the February 2025 depositions of Gilmore, D'Angelo and Hardin.  *See* 5, *supra*.  Even without a privilege log, Rumble was able to identify these communications and challenge Defendants' assertions of privilege before the end of fact discovery but failed to do so.[12]

Rumble also informed this Court on November 8, 2024, that it had subpoenaed Media Matters and Dewey Square in an effort to obtain the relevant communications from them directly.  Browning Decl. Ex. A, Tr. 64:4-22.[13]  Rumble acknowledged the need to undertake "motion practice" in "one or both of [the] courts" where the subpoenas were served but apparently never bothered to initiate that litigation. Instead, Rumble waited until January 23, 2025 to respond to Dewey Square's August 9, 2024 objection letter and then allowed another month to pass before holding a meet and confer call on February 24, 2025.  *Id.* Ex. O.  Rumble has provided no evidence

---

[11] Defendants did not assert the privilege with respect to documents related to the statements in suit. The documents that Defendants have produced contain no indication that Dewey Square or Media Matters had any involvement in the October 23, 2024 article – which is the sole claim involving John Does in Rumble's Complaint – and deposition testimony has confirmed this fact. Browning Decl. Ex. *See* n. 5, *supra*.  ███████████████████████████████████████████████████████ ██████        Mot. 19-20.  The handful of additional communications on Defendants' forthcoming privilege log are similarly tangential.  Accordingly, the information Rumble seeks is non-essential and the request for additional discovery should be denied on that basis as well.

[12] Rumble's criticism of Defendants' conduct is tempered by its own failure to produce documents, as promised, before its 30(b)(6) deposition owing to unexplained "technical" issues.  Browning Decl. ¶21.

[13] Rumble could have potentially circumvented privilege issues by diligently pursuing this third-party discovery because, as Rumble has claimed, "the journalist privilege applies to journalists" and "does not shield sources from their discovery obligations."  Mot, 20.

that it followed up with Media Matters at all.  Instead, it continued to rest on the assumption that discovery deadlines would be extended.  This is the antithesis of diligence and Rumble's request for more time to start this process should be denied.[14]

### C.    Rumble Is Not Entitled to Additional Discovery on D'Angelo's Work Emails

Rumble also should not be permitted to delay summary judgment to "obtain[] discovery into the circumstances surrounding the deletion of D'Angelo's [work] email [account] to determine whether sanctions are warranted."  Mot. 21.  Rumble has once again failed to demonstrate the necessary diligence because it has known about this issue for more than a month and yet failed to make any inquiries with Defendants.  The discovery Rumble seeks is also limited to "showing that Defendants acted with actual malice" (*id.* at 22) and has no bearing on the other four grounds for summary judgment, which are ripe for adjudication and should not be unduly delayed.

Rumble will also be unable to make the requisite showing that it has lost evidence that was "crucial to its claim."  *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1327 (S.D. Fla. 2010).  Defendants produced copies of relevant emails sent to or from D'Angelo that were collected from custodians whose email accounts were preserved and an additional third party. Defendants also produced relevant communications via other media, including messaging apps and a publishing platform.    Defendants are not aware of any specific relevant

---

[14] If the Court is inclined to give Rumble leave to seek more evidence of actual malice, basic principles of fairness require bifurcating that issue and staying that discovery until it decides Defendants' Motion for Summary Judgment on the four dispositive grounds for which the evidentiary record is complete.

communications that were lost. And, while Defendants acknowledge D'Angelo's was involved in drafting the article, he is a non-party one step removed from Defendants whose subjective intent is the critical inquiry for actual malice.

## III. THE COURT SHOULD DENY RUMBLE'S REQUEST FOR A SIX-MONTH EXTENSION OF CASE DEADLINES AND LEAVE TO AMEND

Rumble also requests a blanket six-month extension of case deadlines so that it may pursue unlimited additional discovery and amend its complaint to name John Doe defendants. *See* Mot. 22-24. *See also* Dkt. 74 (Rumble's pending motion to extend deadline to add parties). As Defendants indicated in their Notice of Withdrawal, good cause for the proposed extension no longer exists. Dkt. 86.

As a necessary precondition for extending deadlines, the Court requires Rumble to "show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery." Dkt. 37, 6. Rumble cannot make this showing because, as set forth above, it has not pursued discovery with diligence. Rumble's suggestion that it "reasonably anticipated" an extension of fact discovery (Mot. 3) is flatly contradicted by this Court's instruction that "[t]he filing of a motion for extension of time does not toll the time for compliance with deadlines…" Dkt. 37, 6. And, contrary to Rumble' suggestion, Defendants have not reneged on their commitment to allow limited discovery after the February 4, 2025 deadline – indeed, they do not oppose modifying the summary judgment briefing schedule to facilitate three noticed depositions.

Rumble nonetheless demands six more months of discovery because the Court indicated that, if it granted Defendants' Motion to Dismiss, it was likely to "give

Rumble an opportunity to amend its pleadings with the benefit of the Court's guidance." Mot. 3. But the Court warned the parties that they "acted at [their] own peril" if they argued that they "didn't take discovery because the Court hadn't ruled on the motion to dismiss" – which is precisely what Rumble is doing here. Browning Decl. Ex. A, Tr. 16:5-24. Moreover, the Court's suggestion that Rumble might have an opportunity to amend its existing claims with the benefit of guidance from the Court was not a guarantee that Rumble that it could add parties or claims based on new statements. To the contrary, since the Court warned Rumble that "fictitious pleadings" were improper and this defect needed to be cured immediately, it was unreasonable for Rumble to assume that it would get more time. *Id.* Ex. A, Tr. 61:15-64:3. Accordingly, the Court should deny Rumble's request for a broad extension of case deadlines and prohibit Rumble from adding parties or claims based on statements not already in suit.[15]

Rumble also fails to appreciate the prejudice that Defendants would suffer if their Motion for Summary Judgment was voided by an amended complaint that radically expanded the scope of this action, added new parties and required discovery to start again from the beginning. Defendants have limited resources, which they marshalled to create their evidentiary record and file a timely Motion for Summary

---

[15] *See, e.g.*, *Trump v. Clinton*, 626 F. Supp. 3d 1264, 1287 (S.D. Fla. 2022) (dismissing fictitious individuals because plaintiff failed to describe fictitious defendants with the requisite specificity); *Williams v. DeKalb Cnty. Jail,* 638 F. App'x 976, 976-77 (11th Cir. 2016) (per curiam) ("A fictitious name ... is insufficient to sustain a cause of action."); *Couture v. Noshirvan*, 2023 WL 8280955, at *3 (M.D. Fla. Nov. 30, 2023); *Ratlieff v. City of Fort Lauderdale*, 748 F. Supp. 3d 1202, 1236 (S.D. Fla. 2024) ("[D]ismissal of the fictitiously named party is appropriate at summary judgment.").

Judgment.[16]  If this Court agrees that Rumble lacks evidence to support any one of the contested elements of its defamation claim, Defendants are entitled to final judgment in their favor.  *See* Dkt. 97.[17]  Moreover, courts should be vigilant against unnecessarily prolonging defamation actions such as this.  As the Eleventh Circuit has warned, "[f]orcing publishers to defend inappropriate suits through expensive discovery proceedings would constrict [the] breathing space" required by the First Amendment because "the costs and efforts required to defend a lawsuit … could chill free speech nearly as effectively as the absence of the actual malice standard altogether."  *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016).

Rumble's final gambit is to accuse Defendants of bad faith in "reneging" on their prior consent to the Joint Motion seeking to extend certain case deadlines.[18]  This argument fails for many reasons.  First, Defendants never reneged on their promise to permit the depositions of Defendants and Wiley and do not oppose making reasonable accommodations to the summary judgment briefing schedule to facilitate that limited discovery.  Nor can Rumble claim to be surprised by Defendants' response to its efforts

---

[16] Since Defendants have produced their insurance policy for this action, Rumble is aware of how much Defendants have to spend and should not be permitted to drain those resources.

[17] This is particularly true given that evidence relating to four dispositive grounds – defamatory meaning, actual damages, substantial truth and opinion – was in Rumble's possession from the outset.

[18] Rumble asks this Court to strike Defendants' Notice of Withdrawal, but this is both unnecessary and unwarranted.  The equitable estoppel cases Rumble cites apply to parties seeking to renege on contracts or settlement agreements – but none involve a party withdrawing its consent to a pending joint motion to extend case deadlines.  *See, e.g.*, *Ice Rak, LLC v. Rita's Franchise Co. LLC*, 2024 WL 1118810, at *7 (M.D. Fla. Mar. 14, 2024) (precluding party from reneging on oral franchising agreement); *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1242 (11th Cir. 1997) (preventing withdrawal of civil rights consent decree).

to seek more time and discovery to add Media Matters or Dewey Square since Defendants have consistently opposed this relief.  *See* Dkts. 57, 80; Browning Decl. Ex. A, Tr. 65:2-66:16.  Rumble also neglects to mention that it rejected Defendants proposal to file a stipulation before the end of fact discovery to remind the Court that the Joint Motion was still pending.  *Id*. Ex. P, 6.  Rumble responded that the parties should "proceed with discovery" – which is what Defendants did with urgency in completing the record and filing a meritorious Summary Judgment Motion. *Id*. But Rumble apparently failed to heed its own advice.   Finally, Rumble vastly overestimates Defendants' Notice of Withdrawal when it suggests that Defendants "are withdrawing the Joint Motion" entirely. The Court has the power to grant or deny the pending Joint Motion, not Defendants, and the Court is perfectly capable of exercising its discretion in setting appropriate case deadlines.[19]

## CONCLUSION

Defendants respectfully request an order denying Rumble's Motion except to the limited extent set forth above and such other relief the Court deems just and proper.

---

[19] The Court should reject Rumble's frivolous claim for attorneys' fees out of hand.  As the sole case Rumble cites makes clear, sanctions are only appropriate to punish "egregious or dilatory" conduct. *Herbert v. Deutsche Bank Nat'l Trust Co.*, 2022 WL 20637638, at *1-2, 6 (M.D. Fla. Mar. 9, 2022) (denying fee award despite evidence of vexatious conduct).  Under the circumstances set forth above, the filing of notices withdrawing consent to a Joint Motion to Extend Case Deadlines and the Motion to Dismiss come nowhere near satisfying this standard – particularly because the Court retains discretion to disregard Defendants' Notices and dispose of the still-pending Motions as it sees fit.

Dated: March 24, 2025

Respectfully submitted,

SHULLMAN FUGATE PLLC

By: ***/s/ Sarah M. Papadelias***
Deanna K. Shullman (FBN 514462)
2101 Vista Parkway, Ste. 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
dshullman@shullmanfugate.com

Sarah M. Papadelias (FBN 0125098)
100 S. Ashley Dr., Ste. 600
Tampa, Florida 33602
Telephone: (813) 435-1615
spapadelias@shullmanfugate.com

DAVIS WRIGHT TREMAINE LLP

John M. Browning*
Katherine M. Bolger*
1251 Avenue of the Americas
New York, New York 1002
Telephone: (212) 489-8230
katebolger@dwt.com
jackbrowning@dwt.com
* Admitted *Pro Hac Vice*
*Counsel for Defendants*