# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| RUMBLE INC., <br><br> Plaintiff, <br><br> - against - <br><br> NANDINI JAMMI, CLAIRE ATKIN, and JOHN DOE NOS. 1-10, <br><br> Defendants. | Case No. 8:23-cv-02718-CEH |

**DEFENDANT CLAIRE ATKIN'S RESPONSES AND OBJECTIONS TO PLAINTIFF RUMBLE INC.'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, Defendant Claire Atkin ("Atkin"), by and through her undersigned counsel, hereby responds and objects to Plaintiff Rumble, Inc.'s ("Rumble") First Set of Requests for Production of Documents ("Requests" or, singularly, a "Request") without waiving any rights or objections to the Requests and without admitting the relevance, materiality, or admissibility of the subject matter or facts contained in the Requests or responses.

Discovery remains in its early stages and Atkin reserves the right to correct, amend, modify, or supplement its responses and objections to these Requests at any time in the future, as warranted by the circumstances. Atkin will begin producing documents responsive to Rumble's Requests within a reasonable period after an

appropriate and mutually agreeable protective order is entered in this action. Atkin further notes that Defendants have filed a motion to stay discovery, which is fully briefed and pending. *See* Dkts. 46-47, 51, 55. These responses are expressly subject to the outcome of that motion and, if a stay is granted, Atkin will not produce documents unless and until it is lifted.

## SPECIFIC RESPONSES AND OBJECTIONS

### INSTRUCTION NO. 15

Unless otherwise specified in a specific Request for Production, the relevant time is the earlier of either October 1, 2022, or Your first communication with any Person about Rumble's advertising. In no event shall You treat the time covered by these Requests for Production as commencing any later than the earliest date of any Document or information you rely upon, or consider in connection with this matter.

### RESPONSE TO INSTRUCTION NO. 15

Atkin objects to the proposed time period for productions as beginning from her "first communication with any Person about Rumble's advertising" as overly broad and disproportional to the needs of the case because Check My Ads did not begin its reporting on Rumble until after October 1, 2022. Atkin further objects on the grounds that the demand to extend the time period so that it begins from "the earliest date of any Document or information you rely upon, or consider in connection with this matter" imposes requirements upon Atkin that go beyond what is required by the applicable Rules. Atkin further objects to the proposed time period because it has no end date and calls for documents created after this lawsuit was filed that are privileged

and/or irrelevant to the causes of action set forth in the Amended Complaint. For these reasons, unless otherwise specified, Atkin will produce relevant, non-privileged documents for the period October 1, 2022 through November 29, 2023, subject to the objections and limitations set forth below.

**REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications Concerning Rumble's advertising revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Atkin objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the cases because it seeks "all" information relating to the Rumble's advertising revenue, including information unrelated to the statements in suit that Rumble has identified in Paragraph 84 of the Amended Complaint (the "Statements in Suit"). Atkin further objects to this Request on the same grounds because Rumble has indicated that it seeks to use party discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants Atkin and Jammi (collectively, "Defendants"), and Check My Ads. Atkin further objects to this Request because it purports to require information that is protected by Fla. Stat. § 90.5015, Md. Cts. & Jud. Proc. Code Ann. § 9-112, N.Y. Civ. Rights Law § 79-h, the Maryland, Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other applicable statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or

information obtained during the course of their newsgathering activity including but not limited to the identity of their sources (collectively, the "Reporters' Shield Laws"). Atkin further objects to this Request because it seeks documents covered by the attorney-client privilege, attorney work product doctrine and/or joint defense privilege. Atkin further objects to this Request because it seeks communications and/or documents outside of Atkin's possession, custody, or control. Atkin further objects to this Request because the information Plaintiff seeks is available to the public and/or already in Rumble's possession.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit, to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents unrelated to the Statements in Suit in response to this Request because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications Concerning Rumble's use of Google Ads.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Atkin objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the cases because it seeks "all" information relating to the Rumble's use of Google Ads, including information unrelated to the Statements in Suit. Atkin further objects to this Request on the same grounds because Rumble has indicated that it seeks to use party

4

discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants, Check My Ads. Atkin further objects to this Request because it purports to require information that is protected by the Reporters' Shield Laws. Atkin further objects to this Request because it seeks documents covered by the attorney-client privilege, attorney work product doctrine and/or joint defense privilege. Atkin further objects to this Request because it seeks communications and/or documents outside of Atkin's possession, custody, or control. Atkin further objects to this Request because the information Plaintiff seeks is available to the public and/or already in Rumble's possession.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit, to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents unrelated to the Statements in Suit in response to this Request because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications Concerning the Rumble Advertising Center.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Atkin objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the cases because it seeks "all" information relating to the Rumble Advertising Center, including

5

information unrelated to the Statements in Suit. Atkin further objects to this Request on the same grounds because Rumble has indicated that it seeks to use party discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants, Check My Ads. Atkin further objects to this Request because it purports to require information that is protected by the Reporters' Shield Laws. Atkin further objects to this Request because it seeks documents covered by the attorney-client privilege, attorney work product doctrine and/or joint defense privilege. Atkin further objects to this Request because it seeks communications and/or documents outside of Atkin's possession, custody, or control. Atkin further objects to this Request because the information Plaintiff seeks is available to the public and/or already in Rumble's possession.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit, to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents unrelated to the Statements in Suit in response to this Request because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 4**

All Documents reflecting Communications between You and Jammi Relating to Rumble.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Atkin objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the cases because it seeks "all" communications with Jammi relating to Rumble, including information unrelated to the Statements in Suit. Atkin further objects to this Request on the same grounds because Rumble has indicated that it seeks to use party discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants, Check My Ads. Atkin further objects to this Request because it seeks the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, and/or Reporters' Shield Laws. Atkin further objects to this Request because the information Plaintiff seeks is available to the public and/or already in Rumble's possession.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit, to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents in Response to this Request that are unrelated to the Statements in Suit because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 5**

All Documents reflecting Communications between You and any third party, including but not limited to Check My Ads, Media Matters for America, and Dewey Square Group, Relating to Rumble.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Atkin objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the cases because it seeks "all" communications between Atkin and any third party regarding Rumble, including information unrelated to the Statements in Suit, and because Rumble has indicated that it seeks to use party discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants, Check My Ads or third-parties as part of a broader campaign against media monitoring organizations. Atkin further objects to this Request because it purports to require information that is protected by the Reporters' Shield Laws. Atkin further objects to this Request because it seeks documents covered by the attorney-client privilege, attorney work product doctrine and/or joint defense privilege. Atkin further objects because this Request violates her First Amendment right to freedom of association.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit (if any), to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents unrelated to the Statements in Suit in response to this Request because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications Relating to the Retraction Demand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Atkin objects to this Request because it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine and/or joint defense privilege. Atkin also objects to this Request as improper and unduly burdensome because it seeks documents and communications that are more readily accessible by, or already in the possession of, Plaintiff. Atkin further objects on the grounds that Rumble is already in possession of her response to the Retraction Demand and any additional materials responsive to this request are irrelevant to the claims in this action, which arise from the publication of the Statements prior to the issuance of the Retraction Demand.

Notwithstanding these objections, Atkin will produce copies of relevant, non-privileged documents responsive to this Request (if any) to the extent they are within Atkin's possession, custody or control following a reasonable search.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications Relating to any Person, source, or potential source You contacted in connection with any article, potential article, reporting, social media post, or investigation concerning Rumble, regardless of whether the Person, potential source, or source was ultimately relied upon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Atkin objects to this Request because it demands information that is protected by the Reporters' Shield Laws. Atkin further objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional

9

to the needs of the cases because it essentially seeks "all" documents and communications between Atkin and any third party in connection with Check My Ads reporting about Rumble, including information unrelated to the Statements in Suit, and because Rumble has indicated that it seeks to use party discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants, Check My Ads or third-parties as part of a broader campaign against media monitoring organizations. Atkin further objects to this Request because it seeks documents covered by the attorney-client privilege, attorney work product doctrine and/or joint defense privilege.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit, to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents unrelated to the Statements in Suit in response to this Request because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications Concerning Jammi's August 16, 2023 Post.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Atkin objects to this Request because it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or Reporters' Shield Laws. Atkin objects to this Request

10

because it calls for documents that are not in her possession and/or were already produced or will be produced by Defendant Jammi. Atkin further objects to this Request because the information Plaintiff seeks is already in Rumble's possession or available to the public.

Notwithstanding these objections, Atkin will produce copies of relevant, non-privileged documents responsive to this Request to the extent they are within Atkin's possession, custody or control following a reasonable search.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications Concerning Jammi's September 26, 2023 Post.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Atkin objects to this Request because it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or Reporters' Shield Laws. Atkin objects to this Request because it calls for documents that are not in her possession and/or were already produced or will be produced by Defendant Jammi. Atkin further objects to this Request because the information Plaintiff seeks is already in Rumble's possession or available to the public.

Notwithstanding these objections, Atkin will produce copies of relevant, non-privileged documents responsive to this Request to the extent they are within Atkin's possession, custody or control following a reasonable search.

11

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications Concerning Atkin's September 26, 2023 Post.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Atkin objects to this Request because it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or Reporters' Shield Laws. Atkin further objects to this Request because the information Plaintiff seeks is already in Rumble's possession or available to the public.

Notwithstanding these objections, Atkin will produce copies of relevant, non-privileged documents responsive to this Request to the extent they are within Atkin's possession, custody or control following a reasonable search.

**REQUEST FOR PRODUCTION NO. 11**

All Documents and Communications Concerning Jammi's October 3, 2023 Post.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Atkin objects to this Request because it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or Reporters' Shield Laws. Atkin objects to this Request because it calls for documents that are not in her possession and/or were already produced or will be produced by Defendant Jammi. Atkin further objects to this

Request because the information Plaintiff seeks is already in Rumble's possession or available to the public.

Notwithstanding these objections, Atkin will produce copies of relevant, non-privileged documents responsive to this Request to the extent they are within Atkin's possession, custody or control following a reasonable search.

**REQUEST FOR PRODUCTION NO. 12**

All Documents and Communications Concerning the October 24, 2023 Article.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Atkin objects to this Request because it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or Reporters' Shield Laws. Atkin objects to this Request because it calls for documents that are not in her possession and/or were already produced or will be produced by Defendant Jammi. Atkin further objects to this Request because the information Plaintiff seeks is already in Rumble's possession or available to the public.

Notwithstanding these objections, Atkin will produce copies of relevant, non-privileged documents responsive to this Request to the extent they are within Atkin's possession, custody or control following a reasonable search.

**REQUEST FOR PRODUCTION NO. 13**

All Documents and Communications Relating to or referring to any investigation or newsgathering activity You conducted concerning Rumble.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Atkin objects to this Request because it demands information that is protected by the Reporters' Shield Laws. Atkin further objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the cases because it seeks "all" documents and communications relating to Check My Ads' reporting about Rumble, including information unrelated to the Statements in Suit, and because Rumble has indicated that it seeks to use party discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants, Check My Ads or third-parties as part of a broader campaign against media monitoring organizations. Atkin further objects to this Request because it seeks documents covered by the attorney-client privilege, attorney work product doctrine and/or joint defense privilege.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit, to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents unrelated to the Statements in Suit in response to this Request because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications Concerning Rumble's December 26, 2022 tweet referenced in the Amended Complaint at ¶ 67 and Jammi's response that same date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Atkin objects to this Request because it purports to seek the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or Reporter's Shield Laws. Atkin further objects to this Request on the same grounds because Rumble has indicated that it seeks to use party discovery in this action to fish for information that is irrelevant to this action but may be useful in targeting Defendants, Check My Ads. Atkin objects to this Request because it calls for documents that were already produced or will be produced by Defendant Jammi, or by any other third parties. Atkin further objects to this Request because the information Plaintiff seeks is available to the public.

Notwithstanding these objections, Atkin will produce copies of non-privileged documents and/or communications that are responsive to this Request and relate to the Statements in Suit (if any), to the extent they are within her possession, custody or control following a reasonable search. Atkin will not produce documents unrelated to the Statements in Suit in response to this Request because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws.

**REQUEST FOR PRODUCTION NO. 15**

Any agreement under which an insurance business or other Person may be liable to satisfy all or part of a judgment in this Action or to indemnify or reimburse You for payments made to satisfy a judgment in this Action.

15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Atkin objects to this Request because it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant because Defendants' insurance policies have no bearing on whether Defendants are liable to Plaintiff for the claims it asserts against them.

Subject to and without waiving the foregoing objections, Atkin will produce a copy of any executed agreement responsive to the Request above.

**REQUEST FOR PRODUCTION NO. 16**

Any joint defense or similar agreement between You and any non-party to the Action concerning the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Atkin also objects to this Request because it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant. Atkin further objects to this Request because it seeks the production of documents covered by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or Reporters' Shield Laws.

Subject to and without waiving the foregoing objections, Atkin will not produce documents in response to this Request because any agreements responsive to this Request are protected by the attorney-client privilege.

Dated July 1, 2024

| | |
|---|---|
| SHULLMAN FUGATE PLLC | DAVIS WRIGHT TREMAINE LLP |
| By: _/s/ Sarah Papadelias_ | |
| Deanna K. Shullman (SBN 514462) | John M. Browning* |
| Sarah M. Papadelias (SBN 0125098) | Katherine M. Bolger* |
| | |
| 2101 Vista Parkway, Ste. 4006 | 1251 Avenue of the Americas |
| West Palm Beach, Florida 33411 | New York, New York 10020 |
| Telephone: (561) 429-3619 | Telephone: (212) 489-8230 |
| | |
| dshullman@shullmanfugate.com | jackbrowning@dwt.com |
| spapadelias@shullmanfugate.com | katebolger@dwt.com |
| | *Admitted *Pro Hac Vice* |

*Counsel for Defendant Claire Atkin*

17

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2024, a true and correct copy of the foregoing was served via email on all counsel of record.

*/s/ Sarah M. Papadelias*
Sarah M. Papadelias