# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RUMBLE INC.,

Plaintiff,

- against -

NANDINI JAMMI, CLAIRE ATKIN, and JOHN DOE NOS. 1-10,

Defendants.

**Case No. 8:23-cv-02718-CEH**

**DEFENDANT CLAIRE ATKIN'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF RUMBLE INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Claire Atkin ("Atkin"), by and through her undersigned attorneys, hereby responds and objects to the First Set of Interrogatories (the "Interrogatories" or, singularly, an "Interrogatory") of Plaintiff Rumble Inc. ("Rumble").

In responding to the Interrogatories, Atkin does not waive or intend to waive the attorney-client, work product, reporters' privilege or any other privilege or immunity that otherwise would entitle them to refuse to produce the information they provide or agree herein, or to object to the use of such information or documents for any purpose, nor does Atkin waive or intend to waive such privileges with respect to subsequent interrogatories or any other form of discovery. Nor, in so responding, does Atkin concede the admissibility, relevance, or materiality to this action of the information they provide or agree to provide.

Discovery remains in its early stages and Atkin reserves the right to correct, amend, modify, or supplement its responses and objections to these Requests at any time in the future, as warranted by the circumstances. Atkin has not yet completed her investigation of the facts relating to this action. Atkin's response to each interrogatory is based on information and documents currently available and obtained after a reasonable search. Therefore, responses provided herein are subject to change, and additional documents and information may be produced as Atkin acquires additional information and completes her review and analysis of information and documents obtained and to be obtained. To the extent Atkin obtains additional discoverable information or documents as a result of such investigation, she will comply with their obligations, if any, to supplement these responses. Therefore, the following answers are given without prejudice to Atkin's right to provide, at or before the time of trial, subsequently discovered evidence, or evidence relating to proof of facts later discovered to be material, including evidence produced at trial by Atkin or her witnesses. Atkin's answers must be construed as given on the basis of their present knowledge.

Atkin notes that an appropriate and mutually agreeable protective order has not yet been entered in this action and produces these responses on an ATTORNEY'S EYES ONLY basis until they can be given a final confidentiality designation pursuant to a binding protective order. Atkin further notes that Defendants have filed a motion to stay discovery, which is fully briefed and pending. *See* Dkts. 46-47, 51, 55. These

responses are expressly subject to the outcome of that motion and, if a stay is granted, Atkin will not produce documents unless and until it is lifted.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

Identify and describe all instances in which You worked with Media Matters on articles, social media posts, tweets, statements, publications, or communications relating to Rumble.

### RESPONSE TO INTERROGATORY NO. 1

Atkin objects to this Interrogatory because it calls for newsgathering and/or confidential source information that is protected by Fla. Stat. § 90.5015, Md. Cts. & Jud. Proc. Code Ann. § 9-112, N.Y. Civ. Rights Law § 79-h, the Maryland, Florida and New York State Constitutions, the First and Fourteenth Amendments to the U.S. Constitution, and any other applicable statutory, constitutional, or common-law privilege that protects journalists from disclosing unpublished material and/or information obtained during the course of their newsgathering activity including but not limited to the identity of their sources (collectively, the "Reporters' Shield Laws"). Atkin further objects to this Interrogatory because it calls for irrelevant information unrelated to the Statements in Suit.

Subject to these objections, and in order to preserve her rights under the Reporters' Shield Laws, Atkin cannot confirm nor deny that she engaged in communications responsive to this Interrogatory.

**INTERROGATORY NO. 2**

Identify and describe all instances in which You worked with Dewey Square on articles, social media posts, tweets, statements, publications, or communications relating to Rumble.

**RESPONSE TO INTERROGATORY NO. 2**

Atkin objects to this Interrogatory because it calls for newsgathering and/or confidential source information that is protected by the Reporters' Shield Laws. Atkin further objects to this Interrogatory because it calls for irrelevant information unrelated to the Statements in Suit.

Subject to these objections, and in order to preserve her rights under the Reporters' Shield Laws, Atkin cannot confirm nor deny that she engaged in communications responsive to this Interrogatory.

**INTERROGATORY NO. 3**

Identify any and all publications (written or electronic), media, Social Media posts, blog posts, Facebook posts, X posts, message board posts or comments, or internet sites of which You are aware that have ever mentioned, described, summarized, quoted, or cited the Publications.

**RESPONSE TO INTERROGATORY NO. 3**

Atkin objects to this Interrogatory as overly burdensome and disproportionate to the needs of the case because documents mentioning, describing summarizing, quoting, or citing the Publications – *e.g.*, copies of all social media posts responding to the Statements in Suit – are publicly available can be more efficiently be produced in

response to a Request for Production of Documents. Atkin further objects to the word "publications (written or electronic)" as vague and ambiguous and will interpret this term to exclude documents created for the purposes of this lawsuit.

Notwithstanding these objections, Atkin responds that she is not currently aware of any specific publications mentioning, describing, summarizing, quoting or citing the Publications.

**INTERROGATORY NO. 4**

Describe all facts to support Your contention that Rumble "is 90% funded by @GoogleAds," as stated in Atkin's September 26, 2023 Post.

**RESPONSE TO INTERROGATORY NO. 4**

Atkin objects to this request as premature since discovery is in its early stages and additional information is likely to be discovered to support the contention referenced above. Atkin further objects because this Interrogatory calls for newsgathering and source information protected by the Reporters' Shield Laws.

Subject to these objections, Atkin responds that she will respond to this Interrogatory by producing documents pursuant to Fed. R. Civ. P. 33(d). Akin further responds that the following facts, which are not exhaustive and may be supplemented by the production of documents and other information discovered in this action, support the statement quoted above: Rumble maintains a seller account with Google through which it continues to receive revenue for hosting advertisements placed by Google customers on the Rumble platform; adverts from blue-chip advertisers that partner with Google, like Mazda, Ruggable, Ford and Lifelock, appeared on Rumble

and the placement of these adveisements indicate that significant revenue flows from Google to Rumble; a significant proportion of Rumble's traffic (which drives ad revenue) derives from Google; Rumble stated in a December 2022 social media post that "[t]he top two external ad networks Rumble uses, which includes Google, represent less than 20% of our revenue in Q3, down from 45% in Q2;" Rumble filed statements with the SEC indicating that Rumble derived a material portion of its revenue from Google – including 86% of its revenue as late as the end of 2021; news articles have reported that Rumble relied upon advertising revenue from Google.

**INTERROGATORY NO. 5**

Describe all facts to support Your contention that "Rumble is heavily monetized by Google Ads" and "heavily dependent on Google Ads, by far its largest advertising partner," as stated in the October 24, 2023 Article.

**RESPONSE TO INTERROGATORY NO. 5**

Atkin objects to this request as premature since discovery is in its early stages and additional information is likely to be discovered to support the contention referenced above. Atkin further objects because this Interrogatory calls for newsgathering and source information protected by the Reporters' Shield Laws. Atkin further objects because this Interrogatory calls for information outside of her possession, custody or control because she did not write or edit the October 24, 2023 Article.

Subject to these objections, responds that she will respond to this Interrogatory by producing documents pursuant to Fed. R. Civ. P. 33(d). Akin further responds that

the following facts, which are not exhaustive and may be supplemented by the production of documents and other information discovered in this action, support the statement quoted above: Rumble maintains a seller account with Google through which it continues to receive revenue for hosting advertisements placed by Google customers on the Rumble platform; adverts from blue-chip advertisers that partner with Google, like Mazda, Ruggable, Ford and Lifelock, appeared on Rumble and the placement of these advertisements indicate that significant revenue flows from Google to Rumble; a high proportion of Rumble's traffic (which drives ad revenue) derives from Google; Rumble stated in a December 2022 social media post that "[t]he top two external ad networks Rumble uses, which includes Google, represent less than 20% of our revenue in Q3, down from 45% in Q2;" Rumble filed statements with the SEC indicating that Rumble derived a material portion of its revenue from Google – including 86% of its revenue as late as the end of 2021; news articles have reported that Rumble relied upon advertising revenue from Google.

**INTERROGATORY NO. 6**

Identify all witnesses You expect to call to testify at trial.

**RESPONSE TO INTERROGATORY NO. 6**

Atkin objects to this Interrogatory as premature given the current status of discovery and for imposing obligations beyond what is required by the relevant Rules.

Subject to these objections, Atkin declines to answer this Interrogatory and reserves all rights to identify trial witnesses in due course.

Dated July 5, 2024

SHULLMAN FUGATE PLLC

By: ***/s/ Sarah Papadelias***
Deanna K. Shullman (SBN 514462)
Sarah M. Papadelias (SBN 0125098)

2101 Vista Parkway, Ste. 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619

dshullman@shullmanfugate.com
spapadelias@shullmanfugate.com

DAVIS WRIGHT TREMAINE LLP

John M. Browning*
Katherine M. Bolger*

1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 489-8230

jackbrowning@dwt.com
katebolger@dwt.com
*Admitted *Pro Hac Vice*

*Counsel for Defendant Claire Atkin*



**CONFIDENTIAL**

**VERIFICATION**

I, Claire Atkin, pursuant to 28 U.S.C. § 1746, declare and say as follows under penalty of perjury:

I make the foregoing Interrogatory responses based on my personal knowledge, except where otherwise stated. I am over the age of 18 years and am fully competent to testify to the matters stated in this declaration. I declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief.

Executed this 20th day of December, 2024, in New York.

____________________________

CLAIRE ATKIN

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2024, a true and correct copy of the foregoing was served via email on all counsel of record.

***/s/ John M. Browning*** .
*John M. Browning*