# EXHIBIT F



21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**John M. Browning**
(212) 489-8230 tel
(212) 489-8340 fax

jackbrowning@dwt.com

July 31, 2024

**VIA EMAIL**

Elizabeth M. Locke, Esq.
Nicholas J. Brechbill, Esq.
Clare Locke LLP
10 Prince Street
Alexandria, Virginia 22314
libby@clarelocke.com
nick@clarelocke.com

Re:     *Rumble Inc. v. Jammi, et al.*, 23-cv-2118 (M.D. Fla.)

Dear Libby and Nick:

      We write in response to your letter dated July 22, 2024, which purports to raise deficiencies in Defendants Nandini Jammi and Claire Atkin's July 1, 2024 Responses and Objections to Rumble Inc.'s First Sets of Requests for Production ("RFP Responses") and July 5, 2024 Responses and Objections to Rumble's First Sets of Interrogatory Responses ("Interrogatory Responses").  We address the various points made in your letter as follows:

      **I.**      **Privilege Objections**

      We reject your assertion that Defendants improperly stated "boilerplate privilege objections" in their RFP and Interrogatory Responses.  The relevant Middle District of Florida Rules state that objections should be "specific, not generalized, and should be in compliance with" the Federal Rules of Civil Procedure.  *See* Middle District of Florida Discovery Handbook III.A.6, IV.B.1.  Defendants' privilege objections easily meet this standard.  This defamation action targets a watchdog group over its publication of a news article about Rumble and related social media posts.  Accordingly, the vast majority the Requests for Production and Interrogatories relate to Defendants' coverage of Rumble and thus "purport[] to require information that is protected by" various reporters' shield laws.  In a similar vein, Rumble's many requests for information relating to Defendants' communications about Rumble necessarily implicate attorney-client privileged communications between Defendants and their counsel relating to (among other things) Rumble's

Elizabeth M. Locke, Esq. and Nicholas J. Brechbill, Esq.
July 31, 2024
Page 2

retraction demand and this action. Since the basis for Defendants' privilege objections are obvious and reflected in Defendants' responses, they require no additional explanation.

In any event, any dispute over the sufficiency of Defendants' privilege objections is premature. Defendants intend to serve privilege logs identifying the documents they withhold on the basis of privilege to the extent required by the applicable rules. If Rumble has objections to particular assertions of privilege, the proper time to raise those objections with the Court is after Defendants have served their privilege log(s).

Defendants also dispute your contention that the Florida reporters' shield law is inapplicable because Defendants "are not professional journalists." As a threshold matter, there is an open question over what state or federal law will ultimately govern Defendants' claims of journalistic privilege in this action. But even assuming Florida law applies, Defendants are confident that they qualify as "professional journalists" for the purpose of invoking the Florida shield law's protection against compelled disclosure of confidential and unpublished newsgathering materials. Defendants additionally contend that any dispute over the applicability of the reporters' privilege is premature before they produce their privilege log(s), which they will do in due course. At that time, Defendants will make themselves available for a meet and confer call to determine whether the reporters' privilege issue can be partly or wholly resolved without intervention from the Court.

## II.     Timeframe and Scope of Responses to Requests for Production

Defendants disagree with Rumble's contention that there is a sufficient need for Defendants to produce documents created after November 29, 2023 to justify the burden and expense on Defendants of producing such documents. You argue that such documents are relevant because "non-privileged admissions of falsity or knowledge of falsity made after the filing of the lawsuit are just as relevant to Rumble's claims as admissions made prior to the filing of the lawsuit." But, as you know, actual malice is measured according to Defendants' state of mind the time of publication – meaning that subsequent evidence is of little to no probative value. Moreover, the vast majority (if not all) of Defendants' post-November 29, 2023 communications concerning Rumble will be privileged communications with counsel and thus not subject to disclosure.

Nevertheless, and in the spirit of compromise, Defendants are willing to produce responsive, non-privileged documents up to the present date provided that they are not required to catalogue post-November 29, 2023 documents on their privilege log. For obvious reasons, listing every privileged communication between Defendants and counsel relating to this action would be a waste of time and resources. Moreover, Defendants are willing to extend the same courtesy to Rumble – *i.e.*, that Rumble will produce responsive non-privileged documents up to the present date but will not be obligated to list privileged documents from November 29, 2023 onwards on its privilege log. Please let us know if this proposition is acceptable to Rumble.

Elizabeth M. Locke, Esq. and Nicholas J. Brechbill, Esq.
July 31, 2024
Page 3

Your letter also challenges Defendants' representation that it will not produce documents "unrelated to the Statements in Suit because such documents are irrelevant and privileged against compelled production by the Reporters' Shield Laws." But you appear to misunderstand Defendants' position. Your letter accuses Defendants of improperly withholding documents "relating to Defendants' negative sentiments toward Rumble," "documents … reflecting Defendants' knowledge of Rumble's SEC filings" and "documents relating to Rumble's retraction demand." But Defendants have agreed to produce non-privileged documents that fall into each of these categories provided that they bear at least some relevance to the Statements in Suit – which is an entirely reasonable caveat and will not result in the improper withholding of relevant evidence.[1]

### III.   Interrogatory Responses

Defendants stand by their objection that the meaning of the phrase "every Person involved with the Publications," as used in the Interrogatories, is vague and ambiguous because this term could include a vast number of irrelevant individuals and entities – including anyone who ever donated money to Check My Ads or read the Statements in Suit. Given this reality, it was entirely appropriate for Defendants to cabin their response to employees of Check My Ads who were actively involved in the publication of the Statements in Suit. In your letter, you suggest (contrary to the unlimited phrasing of your Interrogatory) that Rumble only seeks to identify anyone (including third parties) that "participated in the researching, drafting, editing, photo editing, fact-checking, or publishing the Publications." With the exception of "photo editing," Defendants have identified every individual responsive to this request and have no other names to disclose.

With respect to "photo editing," Defendants maintain that there are no allegations in Rumble's Complaint relating to the graphics accompanying the Statements in Suit and so the identity of any individual(s) who created those graphics is irrelevant. Defendants further state that any effort to amend Rumble's pleadings to add graphic designers (if any) to this lawsuit would constitute blatant harassment, as would any efforts to target those individuals with unnecessary discovery. Subject to those caveats, and in the spirit of compromise, Defendants will amend their Interrogatories within a reasonable period of time to disclose anyone responsible for "photo editing" the Statements in Suit.

Finally, as stated in their Interrogatory Responses, Defendants will produce copies of relevant news articles as part of their productions. And thank you for bringing the typographical error to our attention where we inadvertently transposed the word "Google" for "Rumble." We will serve amended responses correcting that error in due course.

---

[1] To the extent that Defendants ultimately withhold privileged documents on the basis that they are insufficiently material to overcome a qualified reporter's privilege, which is a separate issue, those documents will be properly identified in a privilege log.

Elizabeth M. Locke, Esq. and Nicholas J. Brechbill, Esq.
July 31, 2024
Page 4

***

  We believe that this response addresses all of the concerns raised in your letter and should resolve everything except for the reporters' privilege issue – which, as noted above, would be premature to raise with the Court until after Defendants have served their privilege log. Nevertheless, I am available to meet and confer on any of the issues discussed herein. I am scheduled to go on vacation this week but have good availability when I return in the week beginning August 12.

      Best regards,

      Davis Wright Tremaine LLP

      */s/ John Browning*

      John M. Browning

cc: Counsel of Record