UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUMBLE INC.,

    Plaintiff,

v.                                            Case No: 8:23-cv-2718-CEH-LSG

NANDINI JAMMI, CLAIRE ATKIN
and JOHN DOE NOS. 1-10,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Rumble Inc.'s Time-Sensitive Motion for Additional Discovery Pursuant to Rule 56(d), to Strike Defendants' Improper Notice of Withdrawal of Consent, and to Set a Case Management Conference. *See* Docs. 101, 102. Plaintiff responds in opposition and submits an accompanying Declaration and Motion to Seal. *See* Docs. 110, 111. The Court heard oral argument on these motions and conducted a case management conference on Friday, March 28, 2025. *See* Doc. 113.

As described below, Plaintiff's motion is granted-in-part, to the extent that it sought a case management conference. Further, as the Court stated at that conference, Defendants' underlying summary judgment motion (Doc. 90) will be denied as premature under Rule 56(d) of the Federal Rules of Civil Procedure. Likewise, Plaintiff's cross-motion for partial summary judgment (Doc. 87) will be denied as premature. Consequently, because the Court will deny the motions for summary

judgment as premature, the Parties' respective motions to seal, for oral argument, and for leave to file a reply will be denied as moot. As to the final request for relief, the Court noted at the Case Management Conference that it would extend the discovery deadlines and an amended scheduling order will be entered by separate order. *See* Doc. 113.

## DISCUSSION

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion or other application for an order must include a "memorandum of legal authority in support of the request." M.D. Fla. L.R. 3.01(a).

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir. 1986).

But if the court is convinced that discovery is inadequate, it should deny summary judgment. *See Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996).

As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Blumel*, 919 F. Supp. at 428 (quoting *Parrish v. Bd. of Comm'r of the Ala. State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)). The Court must be fair to both parties, which means it must allow for an adequate record prior to considering a motion for summary judgment. *Id.*

Here, the motions for summary judgment (Docs. 87, 90) were filed even though—as both Parties ultimately conceded at the conference—discovery is not yet complete, and both the individual Defendants, as well as several other third-parties, have not yet been deposed. Thus, the Court finds that the Parties have not had sufficient opportunity to develop the record, and the motion will be denied, without prejudice, as premature. The parties may move for summary judgment at a later stage in these proceedings, when discovery has been conducted.

In turn, several other pending Motions are rendered moot. These include Plaintiff's Motion for Leave to File Under Seal (Doc. 88), Defendants' Motion for Hearing (Doc. 94) and Motion to Seal (Doc. 95), Defendant's Unopposed Motion to File Audiovisual Exhibits Conventionally (Doc. 96), and Defendants' Motion to Seal

certain documents filed in support of their Opposition to Rumble's Rule 56(d) Motion for Additional Discovery, To Strike Notice of Withdrawal, and To Set Case Management Conference (Doc. 111). Additionally, to the extent Plaintiff asks the Court to strike Defendants' notice of withdrawal of consent to the previously filed joint motion to extend case discovery deadlines, the motion will be denied as moot.

Finally, as the Court has already considered and ruled on Rumble's 56(d) Motion for Additional Discovery, its Motion for Leave to File a Reply (Doc. 112) is also denied as moot.

Accordingly, it is **ORDERED**:

1. The Parties' Joint Motion to Modify Case Management Scheduling Order (Doc. 83) is **GRANTED**. A new Case Management and Scheduling Order will be entered as a separate order.

2. Plaintiff's Motion for Partial Summary Judgment (Doc. 87) is **DENIED** without prejudice.

3. Defendants' Motion for Summary Judgment (Doc. 90) is **DENIED** without prejudice.

4. Consequently, the following related Motions are **DENIED AS MOOT**: Plaintiff's Motion for Leave to File Under Seal (Doc. 88), Defendants' Motion for Hearing (Doc. 94), Defendants' Motion to Seal (Doc. 95), Defendants' Unopposed Motion for Leave to File Audiovisual Exhibits Conventionally (Doc. 96), Defendants' Motion to Seal (Doc. 111), and

Plaintiff's Motion for Leave to File a Reply (Doc. 112). To the extent Plaintiff's Motion for Additional Discovery (Doc. 101) seeks to strike Defendants' Notice of Withdrawal of their Motion to Dismiss or Withdrawal of their consent to the Joint Motion to Modify Scheduling Order (Doc. 83), the Motion is also **DENIED AS MOOT**.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

5