**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RUMBLE INC.,

     Plaintiff,

v.

                                     Case No: 8:23-cv-2718-CEH-LSG

NANDINI JAMMI, CLAIRE ATKIN
and JOHN DOE NOS. 1-10,

     Defendants.

_____

## <u>ORDER</u>

This matter comes before the Court upon Plaintiff Rumble Inc.'s Unopposed Motion to Keep Filings Under Seal (Doc. 122) and Defendants Claire Atkin and Nandini Jammi's Unopposed Motion to Keep Filings Under Seal (Doc. 123). In their motions, the parties seek to keep under seal indefinitely documents previously filed provisionally under seal (Docs. 88, 95, 102).

In this defamation action, Plaintiff alleges that Defendants Nandini Jammi and Claire Atkin made false statements regarding its advertising revenue sources and overall financial health. Doc. 42. On May 2, 2025, the parties filed a stipulation of dismissal of Rumble's claims following a successful mediation. Doc. 119. Prior to settling the case, the parties filed several documents, provisionally, under seal. Docs. 88, 95, 102. On March 4, 2025, Rumble filed a redacted version of its Motion for Partial Summary Judgment, the Declaration of Nicholas J. Brechbill, and Exhibits H, O, P, T, U, W, X, and Z, provisionally, under seal. Doc. 87. Rumble filed a motion to

keep these documents under seal along with unredacted versions of these documents. Doc. 88. On March 4, 2025, Defendants filed redacted versions of their Motion for Summary Judgment, the Declaration of John M. Browning, the Declaration of Nandini Jammi in Support of Defendants' Motion for Summary Judgment, Exhibit D to the Declaration of Jammi, and Exhibits B, D, E, and F to the John M. Browning Declaration in Support of Defendants' Motion for Summary Judgment. Docs. 90, 91, 92. Defendants filed a motion to keep these documents under seal along with exhibits containing the unredacted versions of these documents. Doc. 95. On April 1, 2025, the Court entered an order finding summary judgment premature and denied the parties' summary judgment motions, without prejudice. Doc. 114. In turn, the Court found the parties' motions to seal moot. *Id.*

On March 10, 2025, Plaintiff filed a redacted version of its Time-Sensitive Motion for Additional Discovery Pursuant to Rule 56(d), to Strike Defendants' Improper Notice of Withdrawal of Consent, and to Set a Case Management Conference, the Declaration of Nicholas J. Brechbill in Support of the Motion, and multiple exhibits. Doc. 101. Plaintiff filed a motion to file Doc. 101 and its exhibits, provisionally, under seal. Doc. 102. The Court granted Doc. 101 to the extent that it sought a case management conference, otherwise the motion was denied as moot. Doc. 114.

On July 24, 2025, Rumble filed its Unopposed Motion to Keep Filings Under Seal. Doc. 122. In the motion, Rumble seeks to seal indefinitely the unredacted version of its Motion for Partial Summary Judgment (Doc. 88-1), Exhibit U to the Declaration

of Nicholas J. Brechbill in support of its Motion for Partial Summary Judgment (Doc. 88-7), the unredacted version of Defendants' Motion for Summary Judgment (Doc. 95-6), Exhibits B, D, E, and F to the Declaration of John M. Browning in Support of Defendants' Motion for Summary Judgment (Docs. 95-2, 95-3, 95-4, 95-5). Defendants then filed their Unopposed Motion to Keep Filings Under Seal. Doc. 123. Defendants seek to seal indefinitely the unredacted version of Rumble's Motion for Partial Summary Judgment (Doc. 88-1), the unredacted version of the Declaration of Nicholas Brechbill in Support of Rumble's Motion for Partial Summary Judgment (Doc. 88-2), Exhibits H, O, P, and X to the Brechbill Declaration (Docs. 88-3, 88-4, 88-5, 88-9), the unredacted version of Defendants' Motion for Summary Judgment (Doc. 95-6), the unredacted version of Exhibit D to the Declaration of Nandini Jammi in Support of Defendants' Motion for Summary Judgment (Doc. 95-1), the unredacted version of Rumble's Rule 56(d) motion (Doc. 102-1), the unredacted version of the Declaration of Nicholas Brechbill in Support of Rumble's Rule 56(d) motion (Doc. 102-2), and Exhibit A to the Brechbill Declaration (Doc. 102-3).

## DISCUSSION

The public has a presumptive right under the common law "to inspect and copy public records and documents" filed with the courts. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right is referred to as the "common-law right of access." *Id.* "While the right of access is indispensable, it is also limited. The right attaches only to items which may properly be considered public or judicial records—not to any and all materials produced during discovery."

*Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (citation modified). "Material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Id.*

The documents that the parties filed, provisionally, under seal (Docs. 88, 95, 102) are not subject to the common-law right to access because these documents were never considered by the Court. *See Dorworth v. Greenberg*, No. 6:23-CV-871-CEM-DCI, 2025 WL 2778240, at *6 (M.D. Fla. Sept. 30, 2025) (finding "if the Court does not review [the documents filed provisionally under seal], there is no need to determine [their] confidentiality and . . . the proposed sealed [documents] should be returned."); *Eli Lilly & Co. v. Genentech, Inc.*, 2013 WL 4396718, at *1 (N.D. Cal. Aug. 13, 2013) (same); *Jasso v. Wells Fargo Bank, N.A.*, 2024 WL 3071581, at *1 (D. Nev. June 20, 2024) (same). The Court never entered an order permitting the public filing of the documents filed, provisionally, under seal and the Court never considered the parties' motions for summary judgment.[1] Although the Court granted Rumble's Rule 56(d) motion to the extent it sought a case management conference, the motion was otherwise denied as moot. The Court never relied on any of the documents filed, provisionally, under seal in considering that motion. Thus, the documents filed,

---

[1] The parties dismissed the case before entry of an order on motions for summary judgment.

4

provisionally, under seal are not a part of the public or judicial record and should be treated as discovery materials subject to the parties' joint confidentiality agreement.

Accordingly, it is **ORDERED**:

1. Plaintiff's Unopposed Motion to Keep Filings Under Seal (Doc. 122) is **DENIED** as moot.

2. Defendants Claire Atkin and Nandini Jammi's Unopposed Motion to Keep Filings Under Seal (Doc. 123) is **DENIED** as moot.

3. The parties are excused from filing public versions of Docs. 88, 95, and 102, which were provisionally filed under seal.

4. The Clerk is also directed to return Docs. 88, 95, and 102 to the filer and remove them from the electronic docket in accordance with the Court's Local Rules. Counsel for the parties shall contact the Clerk to either (1) make arrangements to retrieve the specified documents or (2) inform the Court that it may destroy the documents.

**DONE** and **ORDERED** in Tampa, Florida on February 27, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties